## HARTLEY *a.* JAMES.

*Supreme Court, First District; Chambers, December*, 1864.

### VERIFICATION.

In an action against a husband and wife, where the complaint claims damages against both jointly, the answer may properly be verified by the husband only, even though the contract sued on related to the estate of the wife.

Motion to strike out an answer as to one defendant for defective verification.

The complaint in this action, and in another brought at the time, against the same defendants, by one Delafield, set up a con-

tract on the part of Edward D. James and Sarah his wife, to convey a portion of the wife's estate, and claimed damages against both for failure to fulfil the contract, and claimed also that the judgment be enforced against the wife's estate. The defendants answered jointly, and their answer was verified by the husband alone, in the usual form.

The plaintiffs now moved in both cases to strike out the answers as to Sarah James, the wife, and for judgment.

*Baldwin & Farnham*, for the motion.

*J. B. Elwood*, opposed.

BARNARD, J.—In both these cases plaintiff brings his action on a joint contract made by the two defendants to recover damages for the breach of it. If the wife is liable at all, she is jointly liable with her husband. Consequently, the verification by the husband is, I think, sufficient under section 157 of the Code. If the wife is liable at all, she is certainly united in interest with her husband, as they have a common interest in defeating a claim for damages made against both of them jointly for the breach of a joint contract executed by them. The fact that plaintiff asked as part of his relief to have the judgment against the wife paid out of their separate estate, does not affect the question. The manner in which the plaintiff is to collect his judgment, will not come in question unless the plaintiff recover judgment for the cause of action, with respect to which, the defendants are united in interest.

Motion denied, with costs.