(32 Misc. Rep. 426.)

### PADDOCK v. PALMER et al.

(Supreme Court, Special Term, Onondaga County. August, 1900.)

1. PLEADING—ACCEPTANCE OF ANSWER—ORDER TO SHOW CAUSE.

Sufficient reason for granting order to show cause why plaintiff should not be compelled to accept answer is shown by affidavit setting out the length of time which must elapse before a motion on regular notice can be made, and the danger that in the meantime judgment would be entered.

2. SAME—CAPTION.

It is immaterial that order to show cause why answer shall not be accepted is not entitled in the action, where it is attached to a regular notice of motion and affidavits on which it was granted, all entitled in the action, and the body of the order, taken in connection with such papers, leaves no doubt that it was made in such action.

3. MOTION TO COMPEL ACCEPTANCE OF ANSWER—AFFIDAVIT OF MERITS.

Where motion to compel acceptance of answer is on the ground that plaintiff has returned an answer proper in form, and duly and regularly served, and which defendants are entitled to have stand as a matter of right, no affidavit of merits is necessary.

4. ORDER TO SHOW CAUSE—SERVICE OF PAPERS.

Though an order to show cause why an answer should not be accepted provide that the papers on which it was granted be served on plaintiff, there need not be served with the motion papers a copy of the answer which had been previously served on, and returned by, plaintiff; the motion being on the theory that plaintiff had no right to return it, and that it should be deemed as standing and remaining.

5. ANSWER—VERIFICATION—PARTNERS.

Under Code Civ. Proc. § 525, providing that, if there are two or more parties in interest and pleading together, the verification must be by at least one of them who is acquainted with the facts, the verification of an answer by one need not state that defendants are united in interest, or that the one making it is acquainted with the facts. It is enough that the pleadings show defendants are united in interest, and, presumptively, at least, that the one verifying is acquainted with the facts, though some of the denials of the answer be on information and belief; and this is the case where the action, and issues raised therein, relate solely to transactions alleged to have been had with defendants jointly and as co-partners.

6. SAME—DELAY IN RETURNING.

Where an answer was not returned till five days after its service on plaintiff's attorney, due diligence is not shown by his affidavit alleging merely that he was out of town when the answer was received, and that it was not called to his attention till the fourth day.

Action by Simon D. Paddock against James Palmer and others. Defendants move to compel plaintiff to accept an answer which had been served. Motion granted.

Nathaniel Foot, for the motion.

H. & W. Weston, opposed.

HISCOCK, J. I will consider, first, the preliminary objections made by plaintiff's attorneys to the motion papers. The first one, that no sufficient reason is shown in the moving papers for granting the order to show cause herein, does not require any extended consideration. Such cause sufficiently appears in the affidavit based upon the length of time which must elapse before a motion upon regu-

lar notice could be made, and the danger that in the meantime judgment would be entered up against the defendants.

The second objection, that no time or place is mentioned in the order to show cause at which it is returnable, is not well taken. The order to show cause is annexed to a notice of motion specifying the time and place at which the motion would be brought up, and the order, by explicit reference to said notice of motion, specifies accurately the time and place at which it was made returnable.

Third. It is urged that the order to show cause is not entitled in the action. Strictly, this is so. It is to be assumed, however, that when the order was granted, and when a copy thereof was served, that it was in the same form and shape as now; that is, annexed to and following a regular notice of motion, and preceding the affidavits upon which it was granted. All of those papers are duly and specifically entitled in the action, and the body of the order to show cause, taken in connection with those other papers, leaves no doubt that it was made in this action. The general rules of practice in this state require that such a defect should be disregarded where there is no real doubt, as in this case, about the action in which the order is granted, and where there is no opportunity for a party to be actually misled or harmed by the omission. It is expressly provided that such a defect as this should be disregarded in the case of an affidavit, and I know of no reason why the rule should not be applied to an order. It has been expressly held in another state, if not in this, that this should be done. Telfer v. Hoskins, 32 Ill. 166; Fink v. Disbrow, 69 Ill. 76.

Fourth. It is complained that an order to show cause and a notice of motion cannot be combined. Both in this case make the hearing of the motion at the same time and place.

As stated in the fifth objection urged, the notice of motion was not served the requisite length of time before the return therefor, and therefore it was a nullity if so treated. It has been so treated, and that leaves the motion to be brought up upon the order to show cause. No harm has been done by the notice of motion.

Sixth. It is urged that the affidavits of merits are defective. I should think that upon the whole, and reading all of the allegations together and with reference to each other, that they were sufficient. But I am unaware of any rule which requires an affidavit of merits on this motion. The motion is made upon the ground that plaintiff has returned an answer which was proper in form, and duly and regularly served, and which defendants are entitled to have stand as a matter of right. If they are correct in their views, they are entitled, as matter of right, to have their motion granted, and to have their answer received, and they are not appealing to the discretion or indulgence of the court. If they were asking a favor, as to have the default opened or to have their time to plead extended, an affidavit of merits would be necessary, but I do not regard it so on this motion. See supreme court rules upon this subject.

Seventh. It is urged that all of the papers upon which the order to show cause was granted were not served upon plaintiff's attorneys as provided in the order to show cause and as required by the

rules of practice. The specific meaning of this objection is that defendants did not serve with their motion papers a copy of the answer, which had been previously served and returned by plaintiff. I do not think this was necessary. Unquestionably, where an order is granted in an action founded upon affidavits and pleadings in the action, which have already been served, it is not necessary to serve over again the latter. It is true that plaintiff has taken the responsibility of returning defendants' answer, but, as before stated, this motion is made upon the theory that said answer had been regularly served, and that plaintiff had no right to return it, and that the answer should be deemed as standing and remaining. If defendants are right, plaintiff is to be charged with the answer as already served, and it is his own fault and responsibility if he has not got it in his possession now.

I now pass to the merits of the motion, and will take up the seven objections made by the plaintiff to the verification of the answer in groups.

It is objected by the first and second objections that the answer is verified by only one of the defendants, and not by both of them. Section 525, Code Civ. Proc., provides that, with certain exceptions, the verification of a pleading must be made by the affidavit of the party, or, if there are two or more parties united in interest and pleading together, by at least one of them who is acquainted with the facts. The complaint in this action seeks to charge the defendants solely as co-partners. The defendants, while denying that they were co-partners during all of the times alleged in the complaint, do admit their liability as co-partners for part of the goods mentioned in the complaint, and deny that certain of the other goods were delivered to them as co-partners or at all, but claim that they were delivered to some third person. The issue, therefore, is as to a joint liability by the defendants. Plaintiff can only succeed by proving such liability, and defendants have a common interest in disproving liability as to part of the goods mentioned in the complaint. The issue in this respect is solely as to a joint and common liability by the defendants. If they are not liable in this way, they are not either of them liable in any other way in this action. No attempt is made, or can be successfully made, under the complaint to hold either one of them individually. Therefore they clearly come within the provisions of the Code in being united in interest in this action, and one of them can verify the answer in behalf of both.

By the third and fourth of plaintiff's objections it is urged that the verification is insufficient because it is not stated therein "that the defendants are united in interest and pleading together," and "it does not appear thereby that the defendant who makes or attempts to make the same is acquainted with the facts." There is nothing in the Code which by express terms, at least, requires that the verification itself should state these things, and I know of no reason why it should, if these facts properly appear otherwise, as I think they do in this case. The fact that defendants are united in interest appears by the pleadings, which show what the issue is, and what the relations of the defendants thereto are. The question of

whether parties are united in interest can be much more safely determined by reference to the pleadings, which define and indicate their interests in the litigation, than by the mere statement of a legal conclusion in a verification that the parties are so united in interest.

Likewise, it appears from the pleadings presumptively, at least, that the defendant making the verification herein "is acquainted with the facts." The action, and the issues raised therein, relate solely to transactions alleged to have been had with the defendant making the verification and his co-defendant jointly and as co-partners. In order to succeed, the plaintiff must establish that these two defendants jointly purchased of him goods for which they are indebted. There is no allegation of dealings with either of them individually and apart from the other, and the presumption is certainly natural, and not violent, that the defendant verifying is acquainted with those acts and facts to which jointly with his co-defendant he is alleged to have been a party. The presumption, until rebutted, always prevails that a co-partner has knowledge of co-partnership transactions, and it was expressly held in Hartley v. James, 18 Abb. Prac. 299, that one party sued jointly with another may make the verification in behalf of both. This decision, although under the old Code, is applicable to the provision now under discussion in the new Code.

The case of Lacy v. Wilkinson, 7 Civ. Proc. R. 104, is not an authority against this proposition. There two defendants were sued as co-partners. An answer was served denying knowledge or information sufficient to form a belief as to a demand and refusal to pay moneys deposited, and verified by one of the defendants, who did not state that he was acquainted with the facts. The answer was returned upon the ground, among others, that the verification was defective, and that one defendant could not swear to the want of information sufficient to form a belief on the part of the other defendant. Judgment was entered up against both defendants, and the question of the sufficiency of the verification came up upon a motion by defendants to vacate said judgment. Upon the hearing of that motion, the plaintiff, who had returned the answer, made it appear by affidavits that the defendant, who had made the verification, for certain reasons was entirely unacquainted with the affairs of the firm (thus rebutting the natural presumption in regard to a co-partner), and that the demand as to which he denied knowledge and information was made upon the other co-partner, and that thus the verification was, as a matter of fact, a fraud and a sham. Upon these facts it was held that the verification was not good as to the other defendant, but was good as to the defendant who had made it and as to the co-partnership. In this case there is nothing to rebut the presumption that the defendant making the verification is fully acquainted with the facts to which it is alleged both he and his co-partner were parties.

It is also urged under this objection that some of the denials of the answer are upon information and belief, and that in such a case the defendant making a verification in behalf of two or more defendants must show that he knows the facts, or that the other defendant has

no other or different knowledge. The particular allegations criticised in this connection are only two in number, and relate to the price agreed to be paid for the goods sold by plaintiff and to the payment of such price. These questions are facts to which the verifying defendant was a joint party with his co-defendant, and there is nothing to suggest that he is not acquainted with all of the facts covered by these denials, or that his co-defendant has any other or different knowledge in regard to them than himself.

Plaintiff stated, as his fifth objection to the verification, "that one defendant cannot swear to the want of information sufficient to form a belief on the part of the other defendant." As pointed out above in connection with the case of Lacy v. Wilkinson, a case might arise where one of two defendants would have lack of information in regard to an allegation of the complaint, which would enable him to make a denial such as is in question here, whereas the co-defendant could not swear to such lack of information. But in this particular case I do not think that there is any presumption in favor of such a condition of affairs, but rather directly against it. The only denial of knowledge or information sufficient to form a belief in the answer in question arises in reference to the amount of goods delivered by plaintiff to defendants. The defendants expressly admit that within a certain period they ordered and received from plaintiff certain strawboard as alleged in the complaint, and then deny that they have knowledge or information sufficient to form a belief as to whether "the amount so ordered and received amounted to fifty-nine and four-fortieths tons, as alleged in the complaint." Clearly, this does not seem to be the case where defendant verifying lacks information and belief of which his co-defendant is possessed. If this allegation is subject to criticism, it seems to me that such criticism would lie more upon the line that the denial is sham, and should be stricken out. The answer expressly admits that the defendants received the strawboard as alleged in the complaint, and, that being so, the defendant verifying is chargeable with knowledge of how much the goods amounted to which the defendants received. Under his own admissions, he must be charged with being "acquainted with the facts" in this respect. In addition, it may be suggested that, outside of this particular denial, there are other sufficient allegations and denials in the answer to constitute a good defense, which would be covered by the verification made by one defendant.

The sixth and seventh objections urged by plaintiff do not seem to require attention.

There are other difficulties with the return by plaintiff of defendants' answer. Even if it should be assumed that the verification of the answer by one defendant was not a sufficient verification of it in behalf of the other defendant, still the pleading would be good in behalf of the defendant verifying and in behalf of the co-partnership, and could not be returned as to them. Lacy v. Wilkinson, supra.

Again, if the verification was defective, and plaintiff desired to take exceptions to it upon that ground, it was his duty to do so with

due diligence. The question of what is due diligence is a variable one, and is to be governed by the different circumstances of different cases. It has come to be accepted as the ordinary rule of practice, at least, that due diligence in the return of a pleading means within 24 hours after its receipt, under ordinary circumstances. Here the answer was served by mail upon May 3d, and in the ordinary course of mail received by plaintiff's attorneys upon the morning of May 4th. It was not returned until May 9th, or five days thereafter. Plaintiff's attorney, who makes the affidavit on this motion, says that he had charge of the action, and was out of town when the answer was received. His allegations in this respect, however, are quite carefully framed, and do not show that he was gone for any length of time, or that he was away except at the very time when the answer was received at his office. He further says that it was not called to his attention until May 8th. But this lack of information was due to those in his office, and is hardly available as a reason for not returning the pleading. We therefore have a case where a pleading was retained for five days before return, or before any notice was served of its alleged defects in verification. I do not think that this was due diligence, but that the right to treat the answer as a nullity was waived by its being retained so long without notice or return. The motion to compel plaintiff to accept defendants' answer is therefore granted, with $10 costs.

Motion granted, with $10 costs.