(45 Misc. Rep. 43.)

### SWEENEY v. O'DWYER.

(Supreme Court, Special Term, New York County. September Term, 1904.)

1. MOTION—SUFFICIENCY—CONTENTS.

The ground of an objection to the consideration of a motion by the court was that the affidavit on which the order was granted did not state the time appointed for holding the next Trial Term; rule 37 of the general rules of practice providing that such time shall be stated. *Held* that, where the object of the motion was to determine whether defendant was in default, the preliminary objection should be overruled.

2. ANSWER—SERVICE—RETURN.

Where an unverified answer was served on plaintiff's attorney August 30, 1904, at noon, and defendant's attorney received it back by mail September 1, 1904, and the stamp of a post office showed that it was received there at 8 o'clock p. m. August 31, 1904, it was not returned within 24 hours, as required by the rule.

Action by John Sweeney against Edward F. O'Dwyer. Motion by defendant, on return of order requiring plaintiff to show cause, why order should not be made declaring defendant not in default, or to open the default and allow defendant to answer. Motion granted.

Richard Krause, for plaintiff.
Charles A. Wilson, for defendant.

BLANCHARD, J. This is a motion made on behalf of the defendant upon the return of an order requiring the plaintiff to show cause why an order should not be made determining and declaring that the defendant is not in default for failure to appear and answer herein, or, should it be determined that defendant is in default, then opening such default and allowing the defendant to serve an amended answer.

A preliminary objection is made to the consideration of the merits of the motion by the court "because the affidavit upon which the order to show cause was granted does not state the time appointed for holding the next Trial Term in this county." This objection is made under rule 37 of the general rules of practice, which provides:

"The party shall, in his affidavit, state the present condition of the action, and whether at issue, and, if not yet tried, the time appointed for holding the next Special or Trial Term where the action is triable."

The preliminary objection should be overruled, because this motion is for the very purpose of securing a judicial determination of the question whether the action is or is not at issue. Manifestly there can be now no definite statement made respecting the time when or the term where the action is triable. This can only be done where issue has in fact been joined. The plaintiff contends that issue has not been joined, but that the defendant is in default for failure to plead, and cannot join issue. If this is so, there is no material reason for his objection that the defendant's affidavit is insufficient, under the rule. I am of the opinion that the portion of the rule invoked by the plaintiff has no application to this motion, and therefore overrule the preliminary objection.

It appears that the defendant's answer was served in time by the defendant's attorney himself upon the plaintiff's attorney personally, but was returned by the latter, by mail, because of defective verification. The plaintiff's attorney states that the answer was served on August 30, 1904, at 6:10 o'clock p. m.; that upon receiving it he read it and looked at the verification; that at about 3 o'clock p. m. the next day he read the verification of the answer, and then discovered that it was defective; that he then returned it by mail to the defendant's attorney by depositing it at 3:25 o'clock p. m. in the United States mail chute in the building No. 49 Wall street, in the city of New York. The defendant's attorney states that the answer was served by himself on the plaintiff's attorney personally on August 30, 1904, about noon, and that he received it back by mail on September 1, 1904. He attaches to his affidavit the envelope in which the answer was mailed to him, upon which is the stamp of the New York postoffice, showing its receipt there at 8 o'clock p. m. on August 31, 1904. I am satisfied, after due consideration of the respective affidavits, that the answer was not returned within 24 hours, as required by the usual rule (Paddock v. Palmer, 32 Misc. Rep. 432, 66 N. Y. Supp. 743); and, as there appears to be no meritorious reason why the rule should

be relaxed in this case, I am of the opinion that the answer was not returned in time, and that the defendant is therefore not in default.

Motion granted. No costs.