## S. M. HAMILTON COAL CO. v. WATTS.

(Circuit Court of Appeals, Second Circuit. April 11, 1916.)

No. 57.

1. APPEAL AND ERROR ☞962—REVIEW—DECISIONS REVIEWABLE.

An order vacating a judgment of dismissal and setting the case for hearing, which is equivalent to one setting aside a judgment and granting new trial, rests in the discretion of the lower court, and will not be reviewed, save in so far as the lower court exceeded its jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3838; Dec. Dig. ☞962.]

2. DISMISSAL AND NONSUIT ☞81(3)—VACATION OF DISMISSAL—JURISDICTION.

An order dismissing a complaint for failure to prosecute is a final disposition of the case, and cannot be vacated after the expiration of the term at which it was granted, unless there were circumstances as some clerical error or misprision taking it from the ordinary rule, or there was error which the old writ coram nobis would have reached.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 184; Dec. Dig. ☞81(3).]

3. DISMISSAL AND NONSUIT ☞60(1)—VACATION—RIGHT TO.

Though defendant's answer was not properly verified, yet as plaintiff did not comply with Code Civ. Proc. N. Y. § 528, declaring that the remedy for a defective verification is to treat the same as an unverified pleading, and as a nullity where verification is necessary, and did not use due diligence to return the answer and demand judgment for want of an answer, the answer cannot be disregarded, but put the case at issue, so that a dismissal for want of prosecution could be had.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140, 145, 146, 150, 151; Dec. Dig. ☞60(1).]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. DISMISSAL AND NONSUIT ⊙⟶60(1)—WANT OF PROSECUTION—ISSUE.**

Where defendant's original answer, which was not properly verified, was amended without plaintiff seeking a default judgment, the amended answer put the case at issue, so that the action might be dismissed for want of prosecution.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140, 145, 146, 150, 151; Dec. Dig. ⊙⟶60(1).]

**5. DISMISSAL AND NONSUIT ⊙⟶60(1)—VACATION.**

Where defendant's amended answer improperly limited an admission in the original answer, that fact will not prevent the case from being put at issue, so that it might be dismissed for want of prosecution, and though the impropriety might have been corrected on plaintiff's application to reinstate the admission, would not have been reached by writ coram nobis, and is no ground for setting aside the dismissal.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140, 145, 146, 150, 151; Dec. Dig. ⊙⟶60(1).]

**6. DISMISSAL AND NONSUIT ⊙⟶81(5)—VACATION—RIGHT TO.**

Where defendant, whose first answer was not properly verified, was not a party to the disloyalty of plaintiff's counsel in refusing to enter default, and was guilty of no fraud in procuring a dismissal for want of prosecution, the dismissal will not be vacated.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 186; Dec. Dig. ⊙⟶81(5).]

In Error to the District Court of the United States for the Eastern District of New York.

Action by James R. Watts against the S. M. Hamilton Coal Company. On application of plaintiff, a judgment of dismissal was vacated (219 Fed. 1003), and the case was set for hearing, and defendant brings error. Order vacating judgment reversed.

This is a writ of error to review an order of the District Court vacating a judgment of dismissal and setting the cause down for trial upon the docket of the court. The action was originally brought in the state court by service of a summons without complaint, on July 13, 1907. An appearance was entered on July 30th for the defendant, and on August 15, 1907, the plaintiff served his complaint for breach of contract in the sum of $4,524.95, with interest. On September 24, 1907, the defendant removed to the United States District Court for the Eastern District of New York, and on October 3d filed its answer with the clerk of that court; the removal papers being filed in the clerk's office on October 2d. According to one version of the facts the answer was first served on November 1, 1907. Whether served before or not, in any case it was served on that day and retained by the attorney for the plaintiff, and the case was noticed for trial by the defendant's attorney on November 8th, and a cross-notice served on the same day. On November 18th on the call of the calendar the case was set over until the next term. On January 19, 1909, over a year after, it was set down for trial for February, 1909, and on the February call was marked for March 9th. It was eventually reached for trial on April 5, 1909, and the defendant then took a default before Judge Chatfield, who directed notice to be given to the plaintiff's attorney that judgment of dismissal would be taken. The proposed order, with notice of settlement, was served on the plaintiff's attorney on April 13, 1909. The order was submitted to the court on April 17, and was signed on April 20, 1909, the mandatory part of it reading as follows: "Ordered that plaintiff's complaint herein be dismissed for failure to prosecute and that the defendant have judgment accordingly, with costs as taxed," etc. A copy of the order as signed was duly served upon the plaintiff's attorney on April 23, 1909, but nothing further was done until June 20, 1914, when a notice of motion was served by new attorneys for the plaintiff, upon which the order was entered vacating the order of dismissal and restoring the cause to the docket

for the reasons stated below. A writ of error was sued out by the defendant.

The plaintiff himself swears that he personally inquired at the clerk's office on October 28, 1907, and again on October 29, 1907, this time in the company of his wife. He examined an answer then on file, and found that it contained an admission that "plaintiff procured the contract" for the defendant, for procuring which the complaint asked for a commission. He also found that the verification to the answer was undated, that under the name of the notary public appeared only the word "Notary," and that it bore no notary's seal. Plaintiff and his wife thereupon visited their attorney on the same day and saw in his possession a copy of the answer, which conformed to the answer which they had seen in the clerk's office. The plaintiff told his attorney then to enter a judgment in his favor on the ground that the answer was a nullity. On November 6, 1907, the plaintiff and his wife went again to their attorney's office, who told them that the answer was still the same, and still refused to enter the judgment by default. On November 11, 1907, the plaintiff called at the clerk's office, found the note of issue of November 8th, and an answer which he insists was different from the earlier one. In place of the words "procured the contract" occurred the words, "contributed to the procurement of such contract," the answer now had a notary's seal upon it, after the word "Notary" appeared the word "Public," and the verification had been dated September 20, 1907. On November 18th, on still another visit to the clerk's office, the clerk told the plaintiff that the case would probably not be reached for two or three years.

Barry, Wainwright, Thacher & Symmers, of New York City (Herbert Barry, of New York City, of counsel), for plaintiff in error.

McLear & McLear, of New York City, for defendant in error.

Before COXE and WARD, Circuit Judges, and LEARNED HAND, District Judge.

LEARNED HAND, District Judge (after stating the facts as above). [1] An order of the character now under review, which is equivalent to one setting aside a judgment and granting a new trial, being in the discretion of the court below, is not within the jurisdiction of this court to review. If, however, the action of the court is beyond its jurisdiction, that question and that alone may be reviewed by writ of error. City of Manning v. German Ins. Co., 107 Fed. 52, 46 C. C. A. 144; Phillips v. Negley, 117 U. S. 665, 6 Sup. Ct. 901, 29 L. Ed. 1013.

[2] The order dismissing the complaint for failure to prosecute was a final disposition of the cause, and was therefore not within the power of the court to vacate after the term at which it was granted (U. S. v. Mayer, 235 U. S. 55, 35 Sup. Ct. 16, 59 L. Ed. 129), unless there are some circumstances in the case which take it out of the ordinary rule. The court may correct its judgment after the term, if there be a clerical error, or in case the judgment has been entered by misprision of the clerk, or for any error which the old writ of error coram nobis would have reached. Those errors are stated by Mr. Justice Hughes in U. S. v. Mayer, supra, 235 U. S. page 68, 35 Sup. Ct. page 19, 59 L. Ed. 129. They were only errors of law disclosed by the record, or "errors in matters of fact which had not been put in issue or passed upon and were material to the validity and regularity of the legal proceeding itself."

[3] In the case at bar there was no clerical error, no misprision of the clerk, no error of law disclosed by the record. Assuming, without deciding, that the plaintiff's story was correct, the only possible

irregularity in the proceedings affecting their regularity, arose from his contention that the original answer had not been verified in accordance with section 526 of the Code of Civil Procedure, in that the date of the verification was not stated, that no notarial seal was added, and that the word "Public" was left off in the phrase, "Notary Public." The law regarding errors in the verification is to be found in section 528 of the Code of Civil Procedure of New York, which is as follows:

"The remedy for a defective verification of the pleading is to treat the same as an unverified pleading. Where the copy of a pleading is served without a copy of a sufficient verification, in a case, where the adverse party is entitled to a verified pleading, he may treat it as a nullity."

Now the plaintiff swears that when he came to his attorney's office on October 29, 1907, the copy of the answer which he then saw was the same as that on file. In order, then, to take advantage of those defects in the verification of the pleadings, it was necessary for the attorney to return that answer with due diligence and the Supreme Court of the state of New York has determined that due diligence in such a case requires a return within 24 hours. Sweeney v. O'Dwyer, 45 Misc. Rep. 43, 90 N. Y. Supp. 806; Paddock v. Palmer, 32 Misc. Rep. 426, 66 N. Y. Supp. 743. No one contends that the plaintiff's attorney did return the first answer in season, if he ever received it, as the plaintiff himself asserts. Hence there was no excuse for disregarding the answer.

[4, 5] If, on the other hand, the answer was first served in November, and if at that time the original answer had been changed upon the files of the clerk, as might be done by amendment, the second answer was still not a nullity, and the case was at issue. It is true that if an admission in the answer had been changed, as the plaintiff claims, the earlier form of the admission might have been restored on application by the plaintiff himself; but that question would be relevant only in a trial upon the merits, and did not affect the fact that the case was at issue under the answer, and therefore subject to dismissal for lack of prosecution. The error of fact, and it was really not such at all, therefore, would not have been one "material to the validity and regularity of the legal proceeding itself," and would not have been searched by a writ of error coram nobis.

[6] The defendant is not shown to have been privy to the disloyalty of the plaintiff's attorney, if such disloyalty existed, for the District Court has not found that it committed any fraud in procuring the judgment of dismissal or in changing the answer. Even assuming that the answer had been changed by procurement of the defendant, the change did not prevent the cause from being at issue, or contribute to the dismissal of the complaint, and it would be irrelevant for the purposes of this review.

The order vacating the judgment was therefore without the jurisdiction of the District Court, and it must therefore be reversed, with costs, leaving the judgment of dismissal to stand.