## THE GILBERT R. GREEN.

### THE DOBSON BROS.

(District Court, E. D. New York. July 30, 1917.)

ADMIRALTY ⨂51—DEATH OF DEFENDANT—SUBSTITUTION OF PARTY—OPENING DEFAULT.

The attorneys for the individual defendant, in an action in admiralty against a ship and its owner, having allowed default without bringing to the court's attention the death of such defendant, and so keeping open the time for applying for further opportunity to answer, and having let the term of court and the period fixed by admiralty rule 40 for moving to open default decree expire, before asking the court to give deceased's representatives opportunity to contest the action in his place, and the defense which they offer not showing that deceased was not the proper person to defend, or that his attorneys were not bound to avoid default, and default having been allowed against the ship, the motion will be denied.

⨂For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Admiralty. Action by the Hecker-Jones-Jewell Milling Company against the steamer Gilbert R. Green, Thomas McIntire, its owner, and the barge Dobson Bros. On motion, after default, to give the representative of defendant McIntire, deceased, opportunity to defend in his place. Motion denied.

Duncan & Mount, of New York City, for libelant.
Foley & Martin, of New York City, for claimant.

CHATFIELD, District Judge. Death of the plaintiff abates certain actions and stops the trial of other causes until the proper parties are brought in. But the death of the defendant, in most cases, requires mere notice of that fact and a substitution of those entitled to defend, if they have no new issue to raise. Entry of judgment by default against a dead defendant may furnish an adjudication of his rights by which his estate will be bound, if the defendant or his attorneys, prior to the decease, were properly before the court and the default was not occasioned by the death.

A default for other reasons cannot be opened upon the ground of the death alone. The estate or attorneys for the deceased should come in and secure the substitution, to meet the situation, and could open any default, if not too late to do so, and if the laches be explained.

In this case there was an appearance for the respondent by attorneys who ceased to represent him. The new attorneys, who to the knowledge of the court and proctors for the libelant were conducting the litigation before the respondent's death, but who had not been substituted of record, did not seek to obtain time to answer when he became ill, and did not seek to delay the proceedings in the case at the time of his death, nor did they, until after the entry of the decree, have the death noted on the record. They have let the term of court and the period fixed by rule 40 expire before asking the court to give the representatives an opportunity of contesting the action in the place of the deceased. The defense which they offer would not have shown that the deceased was not the proper party to defend the action, or that his attorneys were not bound to avoid default. This action was also pending in rem against the boat on the same allegations of fault and liability. As to that, default was allowed, without reservation of the right to contest the charge of fault. The incapacity and death of the respondent was a matter which the proctors should have brought to the court's attention, so as to have the time kept open within which they might act to protect themselves.

The evidence does not show any information conveyed to the proctors for libelant, or the clerk of the court, which made the entry of the decree a clerical mistake, or based on error of fact that, if corrected, would have made the judgment void. S. M. Hamilton Coal Co. v. Watts, 232 Fed. 832, 147 C. C. A. 26; United States v. Mayer, 235 U. S. 55, 35 Sup. Ct. 16, 59 L. Ed. 129. The mistake here was that the attorneys did not keep the time to answer open, and the right to be substituted as a party to the suit would not extend the time to apply to the court for further opportunity to so do.

Motion denied.