In the Matter of the Application of FRANCIS McGOVERN, Petitioner; CARL O. OLSON, Respondent.*

Supreme Court, Special Term, Albany County, September 27, 1943.

* See, also, *Matter of McGovern (O'Brien)*, 180 Misc. 515.— [REP.

*Morris Zuckman* for petitioner.

*Frank L. Wiswall* and *Edmund A. Koblenz* for respondent appearing specially.

*Walter L. Collins, County Attorney* (*Frank Pedlow* of counsel), for Board of Elections of Albany County.

Murray, J. This is an application for an order striking out and removing from the records of the Board of Elections of Albany County an alleged nomination of Carl O. Olson by the American Labor Party, for the office of Supervisor, First Ward, Watervliet, N. Y. Briefly, the facts are that on the 10th day of August, 1943, a primary election was held which resulted in a tie vote for the nomination of Supervisor, First Ward, Watervliet, N. Y., by the American Labor Party. The contestants were respondent, Carl O. Olson, and William G. Nugent. Two county committeemen of the American Labor Party out of a total of four county committeemen, American Labor Party, First Ward, Watervliet, N. Y., signed a paper August 19, 1943, which purported to fill the vacancy created by the tie vote, and also professed to nominate respondent for Supervisor.

Written objections were duly filed with the Board of Elections within three days by petitioner, protesting the validity of such proceeding and nomination. A certificate was filed with the Board of Elections, August 24, 1943, signed and verified by Francis McGovern, as presiding officer, and Horace J. Bonville, as secretary, attesting that at a regular meeting of the

county committeemen last elected by the American Labor Party for the First Ward, Watervliet, N. Y., William G. Nugent was nominated by a majority of a quorum of such committeemen for the office of Supervisor, First Ward, Watervliet, N. Y., to fill the vacancy caused by reason of the tie vote at the primary election.

Respondent, Carl O. Olson, filed written objections, August 26, 1943, to the paper or certificate which nominated Mr. Nugent. The Board of Elections, by a divided vote, overruled the objections filed against the Olson nomination and has refused to accept as valid the certificate which certifies to the nomination of William G. Nugent as the candidate of the American Labor Party.

There was presented to the court, September 15, 1943, an order to show cause and a verified petition directed to Robert Laffin, Valentine Komfort and Edward Dillon, as Commissioners of Elections of Albany County, and Carl O. Olson to appear at the County Courthouse building in Troy, N. Y., September 17, 1943, 10 A. M., Special Term of the Supreme Court, and there show cause why the order requested herein by the petitioner should not be granted. The reason stated in the petition for the necessity of the order to show cause requested was because of the fact that the names of the candidates are necessary at the earliest possible moment, so that their names might appear on war ballots which will be sent to the printers in the very near future.

On the return of the order to show cause, respondent appeared specially and objected to the jurisdiction of the court to proceed on various grounds, the principal one being that no petition was presented to the court, and that the petition served on Mr. Olson was an unverified copy and not signed by petitioner. That the petition as presented to the court was inadequate and insufficient to justify the issuing of an order to show cause.

Rule 60 of the Rules of Civil Practice provides that the usual time for service of a notice of motion to bring a matter on for argument before the court is eight days, but if sufficient reason be shown by affidavit, an order to show cause to bring on the motion may be granted by the court or judge returnable in less time than eight days. The petition presented to the court is properly verified. It contains sufficient reason why an order to show cause should be granted. It must be conceded by everyone that our soldiers, sailors and citizens in our armed forces in the war now raging are entitled to vote. The necessity of prompt argument and decision by the court of the matters in

controversy is apparent, otherwise danger exists of disenfranchisement of the men and women in our army and navy. There is no fixed or absolute right to eight days' notice of motion in all proceedings before the court. It is within the discretion of the court to grant an order returnable in less than eight days. (*Sixth Ave. R. R. Co.* v. *Gilbert E. R. R. Co.,* 71 N. Y. 430.)

The affidavit of service of the order to show cause indicates that it was served either personally or by mail September 15, 1943, on the Board of Elections of Albany County, on Carl O. Olson, respondent, and on Edmund A. Koblenz, attorney for Mr. Olson. Respondent asserts that copies of the petition as served did not contain the verification clause which appears on the original petition. A lawsuit is not a game of wits, but a sincere and solemn effort to ascertain the truth to the end that issues may be disposed of and settled on the merits and not obscured or frustrated by technicalities. (*Shonts* v. *Thomas,* 116 App. Div. 854.) Upon the argument of this motion the attorney for petitioner stated, because he wanted to give respondent and all concerned full and prompt information of the institution of this proceeding, he telephoned the attorney for respondent and stated to him that the order to show cause had been issued, and that he was going to mail it as provided by the order, but if he wanted a copy of the petition and order to show cause he would serve it personally, so that he would have twenty-four hours more notice of the proceedings than he was required to give.

It appears that, by inadvertence, the attorney under such circumstances failed to annex a copy of the verification of the petition. How such omission can in any way have caused harm or prejudice to respondent is impossible for this court to discover. The papers as served were retained by respondent and his attorney without objection until the matter came on for argument. Such late objection is technical and of a frivolous nature, having no connection whatever with the real issue or merits. The fact is that the original petition is verified. It was the duty of respondent to have returned the papers served on him if unverified.

Section 253 of the Civil Practice Act provides: " Where the copy of a pleading is served without a copy of a sufficient verification, in a case where the adverse party is entitled to a verified pleading, he may treat it as a nullity, *provided he gives notice, with due diligence, to the attorney of the adverse party, that he elects so to do.*" (Italics mine.)

No notice was served either by respondent or his attorney that he elected to treat the papers served on him as null and void. It has long been established law that objection that the verification of a pleading is defective cannot be taken at the trial. (*Schwarz* v. *Oppold*, 74 N. Y. 307.) A pleading with a defective verification must be returned within twenty-four hours or the defect is waived. (*Paddock* v. *Palmer*, 32 Misc. 426.)

In a certiorari proceeding this significant language is used: '' The petition was akin to a complaint in an action and was amendable on motion. A verification adds nothing to a petition * * *. The defect in the verification of the original petition could be corrected.'' (*People ex rel. Denney* v. *Clark*, 257 App. Div. 905.)

The objection by respondent that petitioner is not entitled to any relief on the ground that petitioner never authorized this proceeding nor any lawyer to appear for him is without basis either in fact or law. (*Graham* v. *Andrews*, 11 Misc. 649.) An attempt was made by respondent to subpœna petitioner when he was at work on a government defense job, but such effort was abortive. There is no proof before the court of any kind or character which sustains in any way such objection. The fact that the petition is verified by petitioner can properly be taken legally as a written request to the attorney to commence proceedings, and, further, is a written recognition of the attorney's right to do so. It is unquestionably sufficient presumptive evidence of such authority conferred on a lawyer. To hold otherwise would make the practice of law unendurable and unbearable if every litigant, by his mere say-so or that of his lawyer, as a preliminary to the trial of every lawsuit, should have the right to challenge the right and authority of a duly licensed attorney to represent his client in court. The logical result of such a course of action would cause only endless delays, raise issues foreign to the real merits and create confusion and uncertainty in the practice of law and the administration of justice. The special appearance of respondent is not sustained. The objections of respondent to the jurisdiction of the court on the grounds stated in his special appearance are each respectively overruled.

Section 330 of the Election Law invoked by petitioner for relief invests the Supreme Court with jurisdiction to summarily determine any question of law or fact arising as to the nomination of any candidate or his election to any party position. Such law declares that proceedings for relief may be instituted as

a matter of right. The Supreme Court is admonished to make in each case such an order as justice may require. It is important to note that the Legislature has specifically enjoined the court to construe section 330 in a liberal manner. The clear intention and purpose of the statute is obvious. Broad, extensive and summary power is conferred on the court, the exercise of which is only limited by the sound' discretion of the court. The court is commanded to make such an order as justice may require. This means, if anything, that proceedings be determined and judged on. the merits; that frivolous objections, technicalities and sophistry be discarded and swept aside. When a tie vote occurs at a primary election such contingency is provided for by section 139 of the Election Law which is as follows: " A vacancy in a nomination made at a fall primary, or by a tie vote thereat, may be filled by a majority of a quorum of the members of the county committee or committees last elected in the political subdivision in which such vacancy occurs, or by a majority of such other committee as the rules of the party may provide."

The contention of respondent that he was nominated by a majority of a quorum of the members of the county committee or committees last elected in the political subdivision where the vacancy occurred for Supervisor of the First Ward, Watervliet, N. Y., is unfounded and not justified either by the facts or law. Four county committeemen were last elected for the First Ward, Watervliet, N. Y. The claim of respondent that because of the fact that he obtained the· signatures of two of such committeemen to a paper nominating him for the office of Supervisor he has been lawfully designated, is untenable.

The Election Law declares that to obtain a nomination in a political subdivision, where there is a vacancy as the result of a tie vote in the primary, a nomination may be made by' a majority of a quorum of such committeemen. The record is barren that any meeting of the county committeemen of the First Ward, Watervliet, N. Y., was ever held to take action on the nomination for the office of Supervisor. All that the record shows is that two of the committeemen signed a paper stating that respondent was the candidate of the American Labor Party for the office of Supervisor. That is far from a compliance with the language of the Election Law.

Webster's Dictionary defines a quorum as such a number of the officers or members of any body as ·is, when duly assembled, legally competent to transact business. The quorum of a body is an absolute majority of it unless the authority by which the body was created fixes it at a different number.

A majority is the number greater than half or more than half of any total.

The meeting of but two members of the County Committee of the First Ward of Watervliet, N. Y., did not constitute a quorum. There had to be a meeting of at least three of such members to constitute a quorum. It is clear that two committeemen, out of a total of four committeemen, do not constitute a majority of a quorum, both as a matter of simple arithmetic and plain interpretation of the English language. The certificate prepared and submitted to the Board of Elections of Albany County, signed by but two of the four committeemen of the First Ward, Watervliet, N. Y., nominating respondent for the office of Supervisor, is clearly invalid, null and void, and the objections of petitioner to it as insufficient should have been sustained.

It is provided by subdivision 9 of section 131 of the Election Law: *" Certificates of such nominations, made otherwise than at a fall primary,* shall contain the name of the party which the body making the nomination represents, the title of the office for which each person is nominated, the name and residence of each such person, and if in a city, the street number of such residence, may name the committee, if any, appointed to fill vacancies in the nomination and *shall be signed by the presiding officer and a secretary of the body making the nomination,* and appended to the certificate shall be their affidavit that they were such officers and that the statements in such certificate are true."  (Italics mine.)

The petitioner filed such required certificates with the Board of Elections of Albany County that William G. Nugent was duly nominated for the office of Supervisor, First Ward, Watervliet, N. Y., by the American Labor Party, and such certificate fully complies with the provisions of the Election Law as demanded in form and manner.

The motion of petitioner as requested herein is granted.

Submit order.