JAMAICA SAVINGS BANK, Plaintiff, *v.* EDWARD J. SPIRO et al., Defendants.

County Court, Nassau County, December 1, 1954.

*MacLean & Smith* for plaintiff.

*Moses Z. Yam* for defendants.

LENT, J. This is an application to vacate and set aside a judgment and decree of foreclosure and sale after a default in answering by the defendants and adjudging that defendants have appeared and answered herein.

Since the defendants' application is based on a denial that they were served with the summons and complaint on the date set forth in the affidavit of service and that such service was effected on a later date which would render their answer timely, this court ordered that a hearing be held on the issue as to the date of service (*Jamaica Sav. Bank* v. *Spiro*, N. Y. L. J., Nov. 24, 1954, p. 13, col. 7).

Upon the hearing the defendants appeared by their counsel and stated that they waived the question of service.

By such action the court must now treat the case as one in which the defendant is undeniably in default and where the only remaining questions are whether such default has been waived by the plaintiff and whether, if such question of waiver is determined adversely to the defendants, the late answer should be held to be a notice of appearance entitling defendants to notice of all proceedings in the action.

It appears that the answer was received by plaintiff's attorneys on July 19, 1954, twenty-four days after service of the summons and complaint. The plaintiff retained such answer for a period slightly in excess of two weeks and then returned it to defendants' attorney with a cover letter from the attorney in charge of the litigation explaining that it had just come to his attention upon his return from a vacation and was being returned as not having been timely served. It was again returned by the defendants' attorney with a letter disputing the claim that the service was not timely. The plaintiff had taken no steps until that time but thereafter initiated subsequent proceedings of which defendants had no notice except notice of sale on or about October 13, 1954. More than one month later on November 16, 1954, the defendants obtained the order to show cause by which this application was made.

The defendants are in default in pleading (Civ. Prac. Act, § 263). This default could hardly be said to have been waived in view of the mandatory language of the statute. The cases of *Paddock* v. *Palmer* (32 Misc. 426) and *Sweeney* v. *O'Dwyer* (45 Misc. 43), cited by defendants, are cases wherein the court held that an unverified pleading should be returned within twenty-four hours. These decisions involve merely an application of the statutory rule set forth in section 253 of the Civil Practice Act requiring the giving of a notice of rejection of an unverified pleading within a reasonable length of time.

In this case, the return of the answer, even though made more than two weeks after its receipt, was due notice to the defendants' attorney of the plaintiff's claim of untimeliness of service and that the pleading was a nullity under the statute. The fact that the answer was subsequently returned by the defendants and ultimately retained by plaintiff's attorney is of no moment since the plaintiff's attorney had a right to rely upon the statutory provision of section 263 of the Civil Practice Act. Moreover, the return by defendants' attorney was not predicated upon any claim of waiver by plaintiff's early retention but rested solely on the ground that it was timely in the first instance, a question which he has now waived. At that point, the defendants, if

they were in agreement that there was a default, could have moved to open it upon appropriate proof (*Ornstein* v. *Goldberg*, 226 App. Div. 746), or in reliance upon the timeliness of their answer made a motion to compel its acceptance. Instead they waited three months before seeking substantially the same relief apparently upon the theory that some duty rested upon plaintiff's attorneys to again return the answer after its second receipt. We hold that there is no duty to shuttle the papers back and forth to the point of exhaustion so long as the party returning it makes clear the reason for its return as was done here.

This leaves the question of whether an answer which the statute treats as a nullity should be regarded as an appearance in the action. We think not. One may appear in an action by serving a notice of appearance, an answer or a notice of motion raising an objection to the complaint in point of law within twenty days after service of the summons (Civ. Prac. Act, § 237). We have already held that this was not done. A party may appear, however, even after the entry of judgment and thereby be entitled to notice of all proceedings subsequent to his appearance (*Martine* v. *Lowenstein*, 68 N. Y. 456; *Emigrant Ind. Sav. Bank* v. *Van Bokkelen*, 269 N. Y. 110). Since the answer herein was not accompanied by any notice of appearance and has by this decision been declared a nullity, the only appearance by the defendants stems from the present application.

Motion denied.