G. Robert Wither, J.
Plaintiffs served upon defendants’ attorneys a notice for said defendants to admit facts by sworn statement pursuant to section 322 of the Civil Practice Act. Defendants served upon plaintiffs’ attorneys an answer to said notice to admit, and purported to verify it through the affidavit of their attorney, Arthur VD. Chamberlain. Plaintiffs returned said answer upon the ground that it was not duly verified. Defendants move herein to require plaintiffs to accept such answer, and they contend that the verification of defendants’ attorney is proper.
It appears that one of the defendants, Arnold M. Diamond, Inc., is a domestic corporation. There is some confusion in defendants’ papers as to whether said corporation is a foreign or domestic corporation, but this apparently arises out of erroneous reference, it being intended merely to point out that the corporation has no office or officer in Monroe County; and in the pleadings it is admitted that this defendant is a domestic corporation. Since this defendant has no office or officer in Monroe County, it is proper for its pleadings to be verified by its attorney. (Rules Civ. Prac., rule 99.)
Plaintiffs contend that defendants failed to show also that defendant Monroe County Water Authority has no office or officer within this county, and that such showing must be made to permit defendants ’ attorney to verify the answer to the notice to admit. If plaintiffs wished a separately verified answer from each defendant with respect to the notice to admit, they should have served separate notices to admit. They did not do so, but served one notice to admit upon the attorneys for both defendants. Under such circumstances any one party may verify the answer, and a proper verification by one party through its attorney would be sufficient. (Rules Civ. Prac., rule 99.) Hence, the verification of the answer in question by attorney Arthur VD. Chamberlain would be sufficient if it in fact did verify.
The difficulty with the purported verification is that it fails to contain a statement that the answer is true, either on the knowledge or upon information and belief of the affiant. In all other respects it is sufficient in form. Apparently the omission was an oversight. Plaintiffs are entitled, however, to treat the said answer as a nullity unless the omission is corrected. If such correction be made within 10 days after entry and service of an order hereon, defendants may have an order granting them per *640 mission to serve it upon plaintiffs’ attorneys, nunc pro tuno, as of the date of service of the original answez*.
Preliminary to considering defendants’ motion for summary judgment dismissing the complaint as against the defendant Monroe County Water Authority, the court will dispose of plaintiffs’ cross motion for judgment striking out defendants’ unverified answer and for judgment as demanded in the complaint.
Although the complaint is verified, on June 1,1962 defendants served upon plaintiffs’ attorneys an unverified answer. Plaintiffs retained said answer and still retain it, but by their cross motion, dated August 27,1962, nearly three months after service of the answer-, they ask the court to strike out such answer for lack of verification. Where a pleading is defective, as for lack of verification, the proper course for an objecting party is to treat it as a nullity and promptly to return it with a statement of the reason therefor. (Civ. Prac. Act, § 253; Paddock v. Palmer, 32 Misc. 426; Matter of McGovern [Olson], 180 Misc. 508, 512; Barthelmues v. Ives, 194 Misc. 13.) Retention of the pleading to this date and without objection to the time of this motion constitutes a waiver of the right to object. (Schwarz v. Oppold, 74 N. Y. 307; Sweeney v. O’Dwyer, 45 Misc. 43; and see Grant v. State of New York, 192 Misc. 45, 48.)
Plaintiffs, therefore, have waived their right to reject the answer herein for lack of verification; and their motion to strike it is denied. The court is not called upon to determine whether or not plaintiffs may successfully move to compel defendants to verify the answer before trial. (See Matter of Smith v. Board of Stds. & Appeals, 2 A D 2d 67.)
Plaintiffs’ motion to strike out paragraph “ Third ” of defendants’ answer is denied. It constitutes, in part at least, a permissible denial of the allegations of paragraph “ Seventh ” of the complaint, as to which plaintiffs, of course, have the burden of proof. Plaintiffs’ motion to strike out paragraph “ Sixth” of the answer is granted. Said paragraph merely alleges a conclusion of law, and is not a proper pleading.
Defendants’ motion for summary judgment dismissing the complaint as against the defendant Monroe County Water Authority for failure to file a timely notice of claim under section 1109 of the Public Authorities Law and section 50-e of the General Municipal Law is granted, with leave to plaintiffs within 20 days after entry and service of an order hereon to serve an amended complaint complying with the law. The due service of a notice of claim is a condition precedent to the institution of a cause of action against a municipality or a municipal corporation (Public Authorities Law, § 1109; General Municipal *641 Law, § 50-e), and the complaint must allege the facts in support of the performance of such condition precedent. (Winter v. City of Niagara Falls, 190 N. Y. 198, 203; Giles v. City of Otsego, 27 Misc 2d 749, and cases cited; Lubarsky v. City of Long Beach, 205 Misc. 153; Schlatter v. Town of Hempstead, 182 Misc. 545.) It is insufficient to allege a conclusion of law that compliance with the statutory requirements has been made. Thus, plaintiffs should allege expressly when the alleged wrongful acts were done, what damage was caused, and when the notice of claim was served.
Defendants’ motion papers indicate that the damage claimed by plaintiffs arose prior to November 9, 1961, more than 90 days prior to the filing of the notice of claim, and if that be true, defendants’ motion for summary judgment dismissing the complaint against defendant Monroe County Water Authority must be granted. Plaintiffs, however, allege that the claim arises out of construction “ during and prior to June, 1961 and continuing to the date of this notice ” (to wit, March 9, 1962), and they contend that items of the claim arose within the 90-day period. A question of fact is thus presented which precludes summary judgment. This decision, of course, is without prejudice to any motion which may be addressed to the authorized amended complaint. It is noted that retention of a defective notice of claim does not constitute a waiver of the defect (Purdy v. City of New York, 193 N. Y. 521, 525), and that plaintiffs have shown no basis upon which the court may grant an extension of time within which they may file a new notice of claim.
The foregoing disposes of the third paragraph of plaintiffs’ cross motion. Paragraph “ 4 ” of plaintiffs’ cross motion is dgnied as unnecessary. No issue is raised as to the corporate existence of defendant Arnold M. Diamond, Inc. For the same reason Paragraph “5. (a) ” of the cross motion is denied.
The remainder of the items of requests for bill of particulars in paragraph “ 5.” subparagraphs (b), (c) and (d) of plaintiffs’ cross motion, are denied without prejudice to renewal thereof after service of an amended complaint.