Alexander W. Kramer, J.
Motion by defendant for an order dismissing the complaint herein.
The action is predicated upon the alleged negligence of the defendant, a municipal corporation. The incident giving rise to plaintiff’s cause of action occurred on June 13, 1966. A notice pursuant to section 50-e of the General Municipal Law was served upon the defendant on September 9, 1966. An examination pursuant .thereto was conducted on November 28, 1966. Such examination clearly established the validity of the service of .the notice (General Municipal Law, § 50-e, subd. 3).
*477 The action was commenced on June 12, 1967 — within one year and 90 days of the occurrence and more than 30 days after service of the notice of claim.
Defendant now contends that the complaint herein is defective and asks for its dismissal. The thrust of defendant’s position is directed towards paragraph “ 3 ” thereof: ‘1 That within the time required by law the defendant, Town of Babylon, was served a Notice of Claim pursuant to section 50-e of the General Municipal Law.”
Defendant contends that the failure of plaintiff to allege the elements set forth in section 50-i constitutes a jurisdictional defect. Dismissal of the complaint — and, inferentially of the action — is sought.
Failure to comply with section 50-e would be a jurisdictional defect; such failure could be fatal to the action, and would warrant the dismissal thereof.
But in this case — now before the court — there has been full compliance with section 50-e.
Failure to comply with section 50-i is not per se jurisdictional ; rather it is procedural.
The dismissal of the action would produce a harsh result. The statute has run; the plaintiff would thereby be precluded from his day in court.
The motion to dismiss will be granted only as to the complaint — not the action. Leave is granted to the plaintiff to serve an amended complaint within 20 days after service of the order to be entered hereon with notice of entry. (Bardo v. Monroe County Water Auth., 37 Misc 2d 638.)