■ THOMAS J. KELLY, Respondent, v THOMAS J. KANE et al., Appellants. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered December 30, 1982 in Rensselaer County, upon a verdict rendered at Trial Term (Cholakis, J.). Although the testimony of defendant police officers is to the contrary, plaintiff's version of the events, which was accepted by the jury, supports the verdict and the judgment appealed from is, therefore, affirmed.

According to plaintiff, on December 2, 1977, between 7:30 P.M. and 8:00 P.M., he had returned to the parking lot of the place of his employment, Troy Television, to drive the assistant manager home to Hoosick Falls so that plaintiff could use the company van on the following day. Plaintiff's wife arrived a short time later, expecting to accompany her husband, but her request was refused for lack of seating space in the van. As plaintiff was walking his wife to their car in the lot in order to take her home, a police car, containing defendant officers, pulled into the lot and one of the officers inquired, in language described by plaintiff as frequently obscene, whether he or his wife were trying to break into a company truck to steal gas. Plaintiff testified that he informed the officers that the company trucks were equipped with locking gas caps and that he worked for Troy Television. The officers are said to have called him a liar and, as plaintiff attempted to enter the Troy Television building to have the assistant manager corroborate his story, the officer grabbed him by the arm, wrestled him to the ground and got on top of him. Plaintiff claims he was roughed up, handcuffed in a hurtful manner, shoved into the patrol car and taken to the Troy police station where he was booked, fingerprinted and charged with disorderly conduct and resisting arrest. About an hour and 15 minutes later, plaintiff was released upon the posting of $250 by the assistant manager. He was then taken to the Leonard Hospital, treated for bruises and released. On March 1, 1978, plaintiff filed a notice of claim against the City of Troy for compensatory and punitive damages for assault and battery, false imprisonment, false arrest and malicious prosecution. The criminal charges against plaintiff were dismissed on January 11, 1979 by the Troy Police Court. On March 1, 1979, plaintiff served a summons on the City of Troy and attempted service on the police officers by delivering copies of the summons to the chief of police and mailing copies to the residences of the police officers on March 13, 1979. On March 14, 1979, a new notice of claim addressed the malicious prosecution claim since the criminal charges had been dismissed on January 11, 1979. Plaintiff's complaint, served January 27, 1979, alleged four causes of action: unlawful arrest and imprisonment, malicious prosecution, assault, and a violation of section 1983 of title 42 of the United States Code. The trial court dismissed the first and third causes of action against the police officers since plaintiff had failed to properly serve them before the Statute of Limitations had run. The trial court refused to submit the fourth cause of action to the jury on the ground that it was merely a restatement of the other causes of action. The jury returned verdicts in favor of plaintiff in the following amounts: $5,000 compensatory damages for unlawful imprisonment, $5,000 compensatory damages for malicious prosecution, $10,000 compensatory damages for assault, and $1,000 against defendant Officer William J. Foy and $200 against defendant Officer Thomas J. Kane for punitive damages on the malicious prosecution cause of action. On this appeal, defendants contend that the trial court erred in failing to dismiss the action for malicious prosecution for plaintiff's failure to comply with the notice of claim provision under sections 50-e and 50-i (subd 1, par [a]) of the General Municipal Law. Plaintiff's cause of action for malicious prosecution accrued on January 11, 1979. The notice of claim filed on March 14, 1979 was, therefore, timely. Defendants contend the service of such claim was invalid since the notice of claim was preceded by the service of a summons with notice. The trial court concluded such service to be a mere irregularity, defendants having shown no prejudice resulting from such service. We agree that such a defect is procedural only and not fatal to the cause of action (*Teodoro v Town of Babylon,* 56 Misc 2d 476). Additionally, the verdicts as found are amply supported by plaintiff's evidence outlined above and in accord with the charge of the trial court, which was clear, concise and correct and to which no requests

or exceptions were taken by defendants. Furthermore, the compensatory damages are adequately supported by the injuries sustained by plaintiff and cannot be considered excessive under the circumstances. Contrary to defendants' contention, we find no error in the amount of punitive damages awarded against defendant police officers in their individual capacities. It was expressly stated in *Sharapata v Town of Islip* (56 NY2d 332, 338) that, "In refusing to shelter these employees [police officers herein] from ultimate personal responsibility for punitive damages, the statutory draftsmen could hardly have contemplated that, in any event, the State or its subdivisions could be exposed to such damages directly." We believe this principle of law precludes a finding of punitive damages against the State or its subdivisions, but not against its officers directly if such a finding is otherwise justified. Finally, we conclude that the trial court did not err in denying defendants' motion for a continuance simply because a previously widely publicized trial of an off-duty police officer charged with manslaughter had occurred. Other than a mere claim on this appeal, defendants point to no prejudice, nor do they explain how the prior trial of another police officer had any effect whatever on the judgment rendered herein. We have examined the other points raised by defendants on this appeal and find them without merit. Accordingly, the judgment should be affirmed. Judgment affirmed, with costs. Sweeney, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.