■ JOHN RUNYAN et al., Respondents, v BOARD OF EDUCATION et al., Appellants.—In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Kelly, J.), dated April 30, 1985, which granted the plaintiffs' motion to amend their complaint so as to add a paragraph alleging, *inter alia,* service of a notice of claim, and failed to grant the defendants' cross motion for summary judgment dismissing the complaint

based upon the plaintiffs' failure to serve a notice of claim prior to commencement of the action.

Order affirmed, without costs or disbursements.

The record indicates, and indeed the defendants concede, that the plaintiffs' notice of claim pursuant to General Municipal Law § 50-e was in fact served within 90 days after their claim arose. Accordingly, the plaintiffs' failure to allege such service in their complaint was a procedural and not a jurisdictional defect, and Special Term did not err in allowing the plaintiffs to amend their complaint to allege such service (see, Teodoro v Town of Babylon, 56 Misc 2d 476).

The defendants also argue that the plaintiffs' motion to amend was barred by the one-year and 90-day Statute of Limitations contained in General Municipal Law § 50-i. We disagree. In Pierson v City of New York (56 NY2d 950), it was held that an application to file a late notice of claim cannot be entertained after the limitation period for commencing actions against a municipality under General Municipal Law § 50-i has expired. In the case at bar, however, the notice of claim was timely served, and the motion to amend the complaint was properly entertained.

Finally, the defendants argue that the complaint should have been dismissed since the notice of claim was served after, rather than prior to, commencement of the action. In Kelly v Kane (98 AD2d 861, 862), it was held that service of a notice of claim after, rather than prior to, commencement of the action, is a procedural defect only "and not fatal to the cause of action". Consequently, Special Term did not err in denying the defendants' cross motion for summary judgment. Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.