■ RAY M. S. TUCKER et al., Appellants, v LONG ISLAND RAILROAD COMPANY, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Meade, J.), dated September 26, 1985, which granted the defendant's motion to dismiss the complaint and denied the plaintiffs' cross motion for leave to serve an amended notice of claim and amended complaint.

Ordered that the order is reversed, in the exercise of discretion, without costs or disbursements, the defendant's motion is denied, the plaintiffs' cross motion for leave to serve an amended notice of claim and amended complaint is granted, and the plaintiffs' time to serve their amended notice of claim and amended complaint is extended until 20 days after service upon them of a copy of this decision and order, with notice of entry.

The plaintiffs cross-moved pursuant to General Municipal Law § 50-e (6) for leave to serve an amended notice of claim to correct the date of the accident listed in their original notice of claim. The defendant does not claim that the error was made in bad faith, nor has the defendant demonstrated any actual prejudice, and there is no reason to presume the existence of prejudice from this record. In fact, while the defendant claims that its investigative efforts have been hampered by the incorrect date, it does not appear that any investigation was ever attempted. Under the circumstances of this case, the plaintiffs should have been granted leave to serve an amended notice of claim (see, Evers v City of New York, 90 AD2d 786; Mayer v City of New York, 80 AD2d 799; Sanchez v City of New York, 25 AD2d 731).

The plaintiffs' cross motion also sought leave to serve an amended complaint to plead compliance with Public Authorities Law § 1276 (1). The defendant has failed to allege any prejudice in relation to this proposed amendment, but rather, appears to argue that failure to plead compliance is a jurisdictional defect and the complaint must be dismissed. This is incorrect (see, Fitzgibbon v County of Nassau, 112 AD2d 266; Kelly v Kane, 98 AD2d 861; Niemczyk v Pawlak, 76 AD2d 84; Snyder v Board of Educ., 42 AD2d 912). In the absence of any demonstrable prejudice to the defendant it was an abuse of discretion to deny the plaintiffs leave to serve an amended complaint (see, Fitzgibbon v County of Nassau, supra). Mollen, P. J., Weinstein, Eiber and Sullivan, JJ., concur.