THEODORE MARTINE, Appellant, *v.* ANNA LOWENSTEIN et al.,
Respondents.

A defendant in an action to foreclose a mortgage may appear therein by
attorney after judgment, and upon such appearance is entitled to notice
of subsequent proceedings.

The sufficiency of a notice of appearance by a defendant, in an action in
the Supreme Court, is for that court to determine, and ordinarily cannot
be reviewed here.

The Supreme Court has power to overlook or relieve from a violation of,
or a non-compliance with, its rules, and may permit an act to be done
after the time prescribed by such rules.

Accordingly *held,* that a defendant who appeared after judgment was
entitled to service of notice of filing the referee's report of sale (Rule 39
of 1874; Rule 30 of 1878); and that, not having received such notice,
exceptions to the report filed by him more than eight days after the
filing of the report were in time; but that, even if exceptions were
required to be filed in eight days after the filing of the report, the
Supreme Court could permit the filing of, and allow defendant to be
heard upon, the exceptions after that time; and that an order authoriz-
ing such filing, and recognizing the sufficiency of defendants' appearance
was not reviewable here.

(Argued February 6, 1877; decided February 13, 1877.)

APPEAL from order of the General Term of the Supreme
Court in the first judicial department, reversing an order of
Special Term which denied a motion on the part of defend-
ants for leave to file exceptions to a referee's report of sale
herein, and for leave to be heard upon such exceptions.
(Reported below, 6 Hun, 225.)

This was an action to foreclose a mortgage.

The defendants Lowenstein did not appear and judgment
was entered against them by default on the 14th May, 1872.
On the 31st May, 1872, said defendants served affidavits and
notice of motion that the judgment be opened, and that
they be let in to defend, which motion papers were indorsed
" R. W. Townsend, attorney for defendants Lowenstein."
No other notice of appearance was served. The motion was
heard and denied on the 12th July, 1872, when the defend-

ants, by their attorney, served notice of appeal from the judg-
ment and from the order denying the motion. Afterward,
and on the 25th June, 1873, on the consent of R. W. Town-
send, an order was entered, *ex parte,* substituting Samuel J.
Crooks as attorney for said defendants. The mortgaged
premises were sold by a referee appointed for that purpose,
and said referee filed his report of a sale with the clerk
on the 23d September, 1873. No notice of the filing of
such report was given to the defendants or their attorney,
and on the 27th October, 1873, said attorney filed with the
clerk exceptions to the report of the referee and served
upon him and upon the attorney for the plaintiff, copies
thereof, which were returned on the 29th October follow-
ing with the indorsement that they were served too late;
that the report had been "filed" more than eight days.
The motion that the exceptions be heard was denied on the
ground, as it appears by the memorandum indorsed by the
judge on the papers, that the defendants did not appear in
the action until after judgment had been rendered by default
and were not entitled, under Rule 39 (now Rule 30) of this
court, to file exceptions to the report of the referee.

The General Term held the appearance to be sufficient to
entitle defendants to notice of filing the report, and that such
notice not having been served the exceptions were filed in
time.

*Samuel Hand* for the appellant. The appearance of the
defendants Lowenstein was not an appearance in the action
entitling them to notice of subsequent proceedings. (*Lynds*
v. *West,* 12 Wend., 235; *White* v. *Featherstonhaugh,* 7 How.
Pr., 357; *Abbott* v. *Smith,* 8 id., 463.)

*Samuel J. Crooks* for the respondents.

EARL, J. Attorneys are a body of men licensed by the
courts to appear for suitors therein. A party to any action
or special proceeding pending in court may appear therein by

attorney, at any stage of such action·or special proceeding, unless some statute or the order or process of the court requires him to appear in person. There is nothing in the nature of an appearance by an attorney which limits the right of such an appearance to a time prior to a judgment in an action, and we know of no statute and our attention has been called to no authority which imposes such a limitation.

A party defendant in an action may appear at any time before judgment or at any time afterward, so long as there is any proceeding in which he has any rights or interests to protect.

In an action to foreclose a mortgage, a defendant may have no defence, and hence he may permit the case to proceed to judgment without any appearance; and after judgment, if he should conclude that it was essential to the protection of his rights, he may appear by attorney, and require that he receive through him such notices as the law enitles him to.

Assuming in this case, that in order to entitle the defendants to the notice of filing the report of sale mentioned in Rule 39 of the Supreme Court, they must have given some notice of appearance by ·attorney, that court has held that there was sufficient notice of appearance, and we cannot interfere with such holding. Whether there has been a sufficient appearance in that court, it must determine according to its own rules and practice, and its determination cannot, certainly under any ordinary circumstances, be the subject of review here. Hence the exceptions were filed in time.

But, suppose the defendants were required by the rules of the Supreme Court to file their exceptions within eight days after the report of sale was actually filed, an omission to do so did not forever absolutely deprive them of any right to do so. The rules of the Supreme Court are generally under its control and are to be enforced and administered by it. It can overlook or relieve against a violation of them or a non-compliance with them. It is not the province of this court to enforce them, they relate to practice and procedure

in that court, and it can permit a party to do after the time prescribed by any rule what he should have done before.

So far as appears here no harm was done to any one by the delay in filing the exceptions. It was not an absolute right of the plaintiff to have the report of sale confirmed without the hearing of the exceptions, and no substantial right of the plaintiff was interfered with in giving the defendants an opportunity to have their exceptions heard.

Hence, there is nothing to review here and the appeal should be dismissed, with costs.

All concur.

Appeal dismissed.