Freedman, J.
Upon the service of defendants’ answer, the plaintiffs, claiming that the answer admitted part of plaintiffs’ claim in suit, obtained an ex parte order that the action be severed, and that the plaintiffs have judgment for the part admitted. The plaintiffs entered judgment as authorized by the order, and issued execution.
The defendants now move that the order, judgment and execution be set aside, for the reason that the order was obtained without no„tiee to them.
Section 511 of the Code of Civil Procedure authorizes the court, in its discretion, to make such an order under certain circumstances upon the plaintiff’s motion, but is silent as to the requirement of notice. No other provision can be found which specifically regulates the exercise of the power of the court.
Section 780 applies to cases in which notice is necessary, and for which special provision has not otherwise been made by law,, or by the general rules .of practice, but it does not define the cases in which the necessity exists.
The language of 'Rule 87 of the general rules, it is true, is broad enough to require all motions to be *5 brought before the court on a notice, or by an order to show cause. But when it is considered that undep section 768 of the Code, every application for an order, which includes every application for an order to show cause, is a motion, and that the Code expressly authorizes many applications for an order to be made ex parle, while as to others it not only requires notice, but specifically prescribes the land and length thereof, and that as to a third class it is silent, Buie 37 cannot be enforced literally. In actual practice the rule applies, like section 780, to cases not specifically provided for and in which notice is necessary. But it no more defines the cases in which the necessity exists than section 780 does.
The same remark may be made concerning the former rule in chancery, which under the decision of Martine v. Lowenstein (6 Hun, 225: affirmed 68 N. Y., 456) still prevails, at least in equitable actions, that by appearing in the action the defendant acquires the right to a notice of every subsequent step in the action, though he has no defense to interpose.
The truth is that there are many applications for orders as to which no special provision exists that notice shall be given, and that such orders are constantly granted ex parte, although there is no specific authorization for such practice. In every such case much depends upon the particular facts presented, the circumstances under which the application is made and the discretion of the court or judge applied to.
Where an order may be made upon proof to the satisfaction of the court or judge of a certain fact, or the presentation of a pleading or affidavit or other paper showing certain things specifically named, and no provision exists as to giving notice of the application, the necessary implication is that notice of the application for the order need not be given, provided the applicant ask for no more than under all the circumstances he is strictly and specifically entitled to.
The true test as to necessity of notice of motion in a *6 case not specially provided for, is therefore as follows: If upon the particular facts presented the applicant is entitled to the precise order applied for as a matter of strict right, and the adverse party is powerless to oppose, the order may be granted ex parte, even though it might be better practice to require notice to be given. But if the adverse party appears for any reason to be entitled to be heard in opposition to the whole or any part of the relief sought, the application must be made on notice to such adverse party.
An omission to give notice of motion where such notice should have been given, constitutes ground for a motion on behalf of the adverse party to set aside the order obtained ex parte. But even then the order may be allowed to stand, if it should be made to appear that the adverse party was in point of fact in nowise prejudiced.
These principles seem to be so firmly established that they cannot well be disturbed except by future legislation.
In the case at bar the complaint is upon a draft or bill of exchange drawn by the defendants to the order of the plaintiffs and not paid at maturity. The answer admits the drawing of the draft or bill of exchange and its non-payment, but avers that the same was given for the purchase price of certain goods sold and delivered by the plaintiffs to the defendants under a certain representation as to quality, that the goods as delivered were not of the quality as represented and were worth 25 per cent, less than the price charged, in consequence of which there was a failure of consideration for the draft or bill of exchange to the extent of 25 per cent, of the amount expressed therein. The matters thus set forth involve an admission upon the record that at least 75 per cent, of plaintiffs’ claim was due at the time of the commencement of the action. Taking this view of it, the plaintiffs’ attorney applied for an order that the action be severed and that judgment be entered for the *7 plaintiffs for the 75 per cent, of the claim so admitted. The court entertained the application under section 511 of the Code, which provides that where the answer of the defendant, expressly or by not denying, admits a part of the plaintiff’s claim to be just, the court, upon the plaintiff’s motion, may, in its discretion, order that the action be severed and that a judgment be entered for the plaintiff for the part so admitted. In the exercise of its discretion upon the facts presented, the court did not require notice of the application to be given to the defendants," and, as the case was a plain one, the order was granted as prayed for. Nor did the plaintiffs take any more than the court was specifically authorized to give them.
Under these circumstances I cannot see how the defendants were in any wise prejudiced in a legal sense. They adduced no proof- that they were. As the answer contains no counterclaim, no claim of set-off, nor a claim of recoupment, and the defendants affirmed the contract by retaining the goods, they are really liable for the whole amount sued for, because a breach of warranty not pleaded as the basis of a claim for affirmative relief never constitutes a want of consideration.
My final conclusions are :
1. That inasmuch as section 511 does not require notice to be given, the court in its discretion and under the circumstances of this case, had the power to act upon plaintiffs’ ex parte application and to make the order complained of, although in general it may be the better practice under the said section to require notice to be given; and
2. That inasmuch as the defendants were not prejudiced no reason exists for disturbing the order.
' The motion to set aside the order and the judgment entered thereon and the execution issued should be denied.