■ Q.P.I. RESTAURANTS, LTD., Respondent, v DESMOND SLEVIN et al., Appellants. — Order, Supreme Court, New York County (Sutton, J.), entered December 26, 1980, denying leave to reargue, etc., with respect to a previous order entered October 7, 1980, denying defendants' motion to vacate a default judgment, is unanimously affirmed, without costs. A default judgment for failure to answer was entered in the Supreme Court on January 23, 1980 against defendants Slevin and Garbutt. The Supreme Court denied motions to vacate that default judgment and to reargue or renew with respect to that denial. On appeal from that determination, we reversed the Supreme Court; we granted the motion to vacate the default judgment on condition that defendants pay to plaintiff as additional costs the sum of $2,000 (88 AD2d 844). On the same day as our decision was released, June 15, 1982, the Court of Appeals decided *Eaton v Equitable Life Assur. Soc. of U. S.* (56 NY2d 900), holding that it was an abuse of discretion to vacate a default on the application of a defendant whose only excuse is law office failure. Therefore, we granted to plaintiff leave to appeal to the Court of Appeals, certifying the question whether our order was "an abuse of discretion as a matter of law". (89 AD2d 944.) The Court of Appeals reversed our determination by order of December 15, 1982, answered the certified question in the affirmative, and held that our order was an abuse of discretion as a matter of law. The Court of Appeals denied the motion to vacate the default judgment and remitted the matter to this court "for consideration of the issues not already passed upon by that court." (58 NY2d 769, 771.) We now consider those questions. Defendants urge upon us that the default judgment should be vacated for failure of plaintiff to

comply with the provisions of CPLR 3215 (subds [c], [f]) and 308 (subd 5). We think these statutes are respectively complied with or not applicable. (1). CPLR 3215 (subd [c]). This section provides: "If the plaintiff fails to take proceedings for the entry of judgment within one year after the default" the complaint shall be dismissed as abandoned. In the present case the earliest service of the summons and complaint was on defendant Garbutt on September 4, 1978. As September 24, 1978 was a Sunday, the last day to answer was September 25, 1978. An ex parte application was made by affidavits for default judgment on September 25, 1979, and an order was made on that date for an inquest. Thus plaintiff complied with CPLR 3215 (subd [c]). (2). CPLR 3215 (subd [f]). Paragraph 1 of this statute provides in part: "[I]f application must be made to the court, any defendant who has appeared is entitled to at least five days notice of the time and place of the motion, and if more than one year has elapsed since the default any defendant who has not appeared is entitled to the same notice unless the court orders otherwise." Although the order directing an inquest was made on September 25, 1979, the inquest was in fact held on November 26, 1979 and the judgment was entered on January 23, 1980. Both of these dates are more than one year after default. In our view, the five days' notice requirement "if more than one year has elapsed" only applies if more than one year has elapsed from the making of the motion. Here the ex parte application of September 25, 1979 was the motion. (CPLR 2211.) Thus the five days' notice provision was inapplicable. We think the present case is distinguishable from *Pruna v Giacobbe* (42 Misc 2d 897, affd 24 AD2d 735). It appears there may have been undue delay by plaintiff in that case in proceeding with the inquest and judgment. To the extent that the *Pruna* case may be deemed inconsistent with our holding, we respectfully disagree with it. Once the plaintiff has applied for his default judgment within one year, we do not think he is required to give five days' notice of every step that happens to take place after the expiration of the one year. (3). CPLR 308 (subd 5). This provision requiring additional notice at least 20 days prior to the entry of a default judgment is applicable only to "an action against a natural person based upon nonpayment of any contractual obligation". This refers to a contract to pay money. The present action is for damages for failure of the landlord to comply with repair and other obligations under a lease. In our previous decision, we dismissed the appeals from the orders entered October 7, 1980 and February 24, 1981. Those dismissals are unaffected by the present determination. Concur — Sandler, J. P., Sullivan, Ross, Silverman and Lynch, JJ.