# FIRST DEPARTMENT, JANUARY, 1984

## (January 3, 1984)

■ KRAUS BROS. et al., Respondents, v L. V. HOFFMAN & CO., INC., et al., Appellants. — Appeal from ex parte order, Supreme Court, New York County (Jawn A. Sandifer, J.), entered April 6, 1983 directing that this action be placed on the Nonjury Calendar for the purpose of taking an inquest and assessment of damages, dismissed as nonappealable, without costs. Order, Supreme Court, New York County (Irving Kirschenbaum, J.), entered May 23, 1983 denying defendants' motion pursuant to CPLR 5015 (subd [a], par 4) and 3215 (subd [f]) for an order vacating the order of inquest dated April 6, 1983 unanimously modified, on the law and the facts and in the exercise of discretion, to authorize defendants to participate in the inquest and assessment of damages on the issue of damages only, and otherwise affirmed, without costs. This action was commenced against the corporate defendant L. V. Hoffman & Co., Inc., by service of a summons and verified complaint upon the Secretary of State on January 7, 1983; against defendant Herman Rappaport by affixing a copy of the summons and verified complaint on the door of defendant's last known residence on January 21, 1983; by mailing a copy to that defendant on January 24, 1983 and filing an affidavit of service with the New York County Clerk's office on January 26, 1983; against defendant Roby Gluckman by affixing a copy of the summons and verified complaint on the door of defendant's last known residence on January 14, 1983; and mailing a copy of the summons and complaint to that defendant on January 17, 1983 and filing the affidavit of service with the New York County Clerk's office on January 26, 1983. Thus, service was complete as to the corporate defendant on January 7, 1983 and as to the individual defendants on February 7, 1983. Hence the corporate defendant's time to answer, appear or otherwise move with respect to the complaint expired on February 7, 1983. The individual defendants' time to answer, appear or otherwise move with respect to the complaint expired on March 7, 1983. No action was taken by any of the defendants until they served an untimely notice of appearance dated March 30, 1983, received by plaintiffs' attorneys on April 4, 1983, and rejected by them as untimely. Plaintiff moved for leave to take an inquest on the basis of an affidavit of regularity dated April 4, 1983. Plaintiffs set forth that defendants had been served with process, that their time to answer had expired and that they were in default although the attorney stated he had received an untimely notice of appearance on April 4 which was rejected. The application was submitted to the court on April 6, 1983 without notice to defendants. Special Term, in the first order appealed from, granted plaintiffs' motion and directed that the action be placed on the Nonjury Calendar for the purpose of

401

taking an inquest and assessment of damages. On the same date, April 6, 1983, defendants served a verified answer upon plaintiffs' attorneys although their time to do so had not been extended by stipulation or order of the court. Plaintiffs rejected the verified answer by letter dated April 6, 1983. On April 29, 1983 plaintiffs' attorneys returned interrogatories served by defendants on April 21, 1983 and advised defendants' attorneys of the ex parte order directing an inquest. Defendants then moved by order to show cause dated May 9, 1983 pursuant to CPLR 3215 (subd [f]) and 5015 (subd [a], par 4) for an order vacating the ex parte order for an inquest. They gave no reason, cause or excuse for their untimely notice of appearance and untimely answer. They asserted that their notice of appearance, although untimely, was valid to effect an appearance in the action entitling them to at least five days' notice of the time and place of the motion for judgment. They asserted that the court was without jurisdiction to enter an order. The motion was denied, and this appeal followed. Pursuant to CPLR 320, defendant appears by either serving an answer or a notice of appearance or by making a motion which has the effect of extending the time to answer, within 20 days after service of the summons, except that where service upon the defendant is by delivery to an official of the State authorized to receive service in his behalf, the appearance shall be made within 30 days after service is complete. It is undisputed that the notice of appearance served on behalf of all defendants was untimely. CPLR 3215 (subd [f], par 1), upon which defendants rely, provides in pertinent part: "(f) Notice. 1. * * * Except as otherwise provided with respect to specific actions, if application must be made to the court, *any defendant who has appeared is entitled* to at least five days notice of the time and place of the motion" (emphasis added). This section applies only where a defendant's default consists of omission other than failure to appear. Thus, where defendant appears but fails to answer timely, he is entitled to five days' notice of the default application. This is consistent with CPLR 2103 (subd [e]) which requires service on a party who has appeared in the action whether or not he has subsequently defaulted (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3215:18). Since defendants' time to appear had expired, they were in default by the time plaintiffs' attorneys received their notice of appearance on April 4, 1983. Defendants, accordingly, were not entitled to notice of plaintiffs' application for an order of inquest. Liability at that time was admitted. Pursuant to CPLR 3215 (subd [f], par 2), they could have made written demand for notice of the reference or assessment so as to enable them to contest damages. The cases relied upon by defendants, concerning the effect of a belated notice of appearance, are mortgage-foreclosure actions in which a defendant is entitled to notice of sale and deficiency judgment proceedings merely by serving a notice of appearance (*Martine v Lowenstein,* 68 NY 456; *Freilicher v CRF Gen. Contrs. Corp.,* 225 NYS2d 811; see 4 Weinstein-Korn-Miller, NY Civ Prac, par 3215.31). Under CPLR 3215 (subd [f], par 2), the defaulting defendants could have demanded notice of the reference or assessment. Contrary to defendants' contention, the failure to give them notice of the application for an inquest was not jurisdictionally defective and did not deprive the court of jurisdiction to direct an inquest. CPLR 5015 (subd [a], par 4), upon which defendants rely, was not designed to furnish and does not provide for the relief sought by defendants. There was no lack of jurisdiction. Since less than one year had elapsed since the default and defendants' notice of appearance was untimely, notice of plaintiffs' intention to obtain and enter a default judgment was not required (CPLR 3215, subd [f], par 1). Special Term properly held that the application to vacate the order was deficient in that it did not establish that defendants' default was excusable or that they had a meritorious defense to the action (CPLR 5015, subd [a], par 1; *United Ind. Corp. v Shreiber,* 51 AD2d 688; 4 Weinstein-Korn-Miller, NY Civ

Prac, par 3215.31). In the absence of an explanation for the default and evidence of a meritorious defense, it was not an abuse of discretion to deny the motion. However, defendants are entitled to appear on the inquest and assessment on the issue of damages only (*McClelland v Climax Hosiery Mills,* 252 NY 347, 351). Concur — Murphy, P. J., Ross, Carro and Fein, JJ.

Silverman, J., concurs in the result only.