21st Mtge. Corp. v Raghu (2021 NY Slip Op 05016)





21st Mtge. Corp. v Raghu


2021 NY Slip Op 05016


Decided on September 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-07805
 (Index No. 2737/07)

[*1]21st Mortgage Corporation, etc., respondent,
v
Anil Raghu, et al., defendants; Courchevel 1850, LLC, nonparty-appellant.


Hasbani & Light, P.C., New York, NY (Seth D. Weinberg of counsel), for nonparty-appellant.
Taroff & Taitz LLP, Bohemia, NY (Steven C. Taitz of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty Courchevel 1850, LLC, appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered May 23, 2019. The order denied the motion of nonparty Courchevel 1850, LLC, inter alia, to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered May 22, 2018.
ORDERED that the order is affirmed, with costs.
This action to foreclose a mortgage was commenced in 2007 against, among others, Anil Raghu (hereinafter the borrower) and Mortgage Electronic Registration Systems, Inc., as nominee for Fremont Investment and Loan (hereinafter Fremont). The amended complaint alleged that in 2006, the borrower had executed a note in the amount of $580,000, which was secured by a mortgage on real property located in Queens. The amended complaint further alleged that the borrower defaulted under the terms of the note and mortgage, and asserted a cause of action to foreclose the mortgage. The amended complaint alleged that Fremont had, or claimed to have, an interest in the subject property, or a lien upon it.
As relevant here, Fremont failed to interpose an answer or otherwise appear in the action. An order was entered on July 11, 2007, inter alia, appointing a referee to compute the amount due to the plaintiff. Sometime in 2016, after adding additional defendants to the action, and serving a supplemental summons and amended complaint, the plaintiff moved, among other things, for leave to enter a default judgment and for an order of reference. The plaintiff's motion was granted in an order entered July 19, 2016. In an order entered April 27, 2017, the Supreme Court, inter alia, appointed a referee to ascertain and compute the amount due to the plaintiff.
The referee issued a report dated June 6, 2017. By notice of motion dated June 14, 2017, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The Supreme Court granted the plaintiff's motion, and an order and judgment of foreclosure and sale was entered on May 22, 2018. Based upon, among other things, the referee's report, the court determined that the sum of $1,191,777.18 was due as of June 1, 2017, and directed the sale of the subject property.
By order to show cause signed on September 28, 2018, Courchevel 1850, LLC (hereinafter Courchevel), as successor in interest to Fremont, moved pursuant to CPLR 5015 to vacate the order and judgment of foreclosure and sale, and for other relief. As relevant here, Courchevel asserted that the plaintiff failed to comply with the notice requirements of CPLR 3215(g)(1) when it moved to confirm the referee's report and for a judgment of foreclosure and sale, and that this failure deprived the Supreme Court of jurisdiction to enter the order and judgment of foreclosure and sale.
The plaintiff opposed Courchevel's motion. The plaintiff argued that Courchevel's predecessor in interest (Fremont) had been served with the order entered April 27, 2017, granting the plaintiff leave to enter the default judgment against Fremont. The plaintiff asserted that Fremont had also been served with the notice of sale regarding the auction sale of the property, which was scheduled after the order and judgment of foreclosure and sale had been entered.
In an order entered May 23, 2019, the Supreme Court denied Courchevel's motion, among other things, to vacate the order and judgment of foreclosure and sale. As relevant here, the court concluded that the notice required by CPLR 3215(g)(1) was not applicable to the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. The court determined that, under the statute, Fremont was only entitled to receive notice of the plaintiff's application for leave to enter a default judgment and for the appointment of a referee, and that Fremont was not entitled to notice of the later application to, inter alia, confirm the referee's report. The court concluded that Courchevel had not demonstrated sufficient grounds to warrant vacatur of the order and judgment of foreclosure and sale pursuant to CPLR 5015. Accordingly, the court denied Courchevel's motion, among other things, to vacate the order and judgment of foreclosure and sale.
Courchevel appeals from the order entered May 23, 2019. On appeal, Courchevel contends, inter alia, that the Supreme Court should have granted that branch of its motion which was to vacate the order and judgment of foreclosure and sale. Courchevel asserts that pursuant to CPLR 3215(g)(1), Fremont was entitled to notice of the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and that the court's determination to the contrary was error as a matter of law.
The plaintiff contends that the Supreme Court's determination was correct, and that "[o]nce [Fremont] was properly served with a motion for default in accordance with the requirements of CPLR 3215(g)(1), there was no necessity to serve Courchevel's predecessor with any further motions or pleadings." The plaintiff argues that CPLR 3215(g)(1) "only applies to notice regarding a defendant's [initial] default."
For the reasons that follow, we affirm the order entered May 23, 2019. CPLR 3215(g)(1) did not require the plaintiff to give Fremont notice of its motion to confirm the referee's report and for a judgment of foreclosure and sale. Since Courchevel failed to demonstrate sufficient grounds for vacating the order and judgment of foreclosure and sale, the Supreme Court properly denied its motion, inter alia, pursuant to CPLR 5015(a) to vacate the order and judgment of foreclosure and sale.
"After having been served with process, the defendant who wants to avoid a default must respond in a proper and timely manner" (Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006, 1008 [internal quotation marks omitted]; see generally Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C320:1). A defendant must appear within 20 days of service of a summons, or within 30 days of service where service was made by delivering the summons "to an official of the state authorized to receive service in his [or her] behalf" (CPLR 320[a]; see Duncan v Emerald Expositions, LLC, 186 AD3d 1321, 1323).
The CPLR sets forth three ways that a defendant may appear in the action: "[t]he defendant appears [1] by serving an answer or [2] [by serving] a notice of appearance, or [3] by making a motion which has the effect of extending the time to answer" (CPLR 320[a]; see U.S. Bank [*2]N.A. v Gilchrist, 172 AD3d 1425, 1426). "A defendant's failure to respond to a summons and complaint [in one of the three ways specified in CPLR 320(a)] 'amounts to what CPLR 3215 . . . calls a failure to appear'" (Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d at 1008, quoting Siegel & Connors, NY Prac § 293 [6th ed]; see U.S. Bank N.A. v Gilchrist, 172 AD3d at 1427).
The first way for a defendant to appear within the meaning of the statute is by serving an answer (see CPLR 320[a]). An answer "is [the] defendant's pleading in response to a complaint" (Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d at 1008 [internal quotation marks omitted]; see CPLR 3011; 3018). The failure to interpose a timely answer constitutes a default in pleading, an independent default basis that is analytically "distinct from a failure to appear" (Siegel & Connors, NY Prac § 293 [6th ed]). "A defendant who has defaulted in answering admits all traversable allegations in the complaint, including the basic allegation of liability" (Glenwood Mason Supply Co., Inc. v Frantellizzi, 138 AD3d 925, 926; see Rokina Opt. Co. v Camera King, 63 NY2d 728, 730; Cole-Hatchard v Eggers, 132 AD3d 718, 720).
A notice of motion pursuant to CPLR 3211(a) is the second way that a defendant may appear in the action (see CPLR 320[a]). Service of a notice of motion to dismiss a complaint pursuant to CPLR 3211(a) extends a defendant's time to answer the complaint (see id. § 3211[f]). Such a motion must be made "before service of the responsive pleading is required" (id. § 3211[e]), or it is untimely (see Bennett v Hucke, 64 AD3d 529, 530).
Service of "a notice of appearance" is the third way in which a defendant may appear in an action pursuant to CPLR 320(a). The recursive nature of the terminology used in CPLR 320(a) provides an obvious opportunity for confusion. However, in this context, a notice of appearance is "a simple document that notifies the plaintiff that defendant is appearing in the action" (Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d at 1008 [internal quotation marks omitted]; see Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C320:1).
A notice of appearance "is the response generally reserved for the situation in which the plaintiff's process consisted of a summons with notice as authorized by CPLR 305(b)" (Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d at 1008 [internal quotation marks omitted]; see Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C320:1). Although a defendant "appears" within the meaning of CPLR 320(a) by merely serving a notice of appearance, service of a notice of appearance does not "absolve a defendant from complying with the time restrictions imposed by CPLR 320(a) which govern the service of an answer or the making of a motion pursuant to CPLR 3211" (Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d at 1009-1010).
Accordingly, a defendant who serves a timely notice of appearance may nevertheless default in answering (see Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d at 1009). More generally, "[a] defendant who has duly appeared can be guilty of a default at [any] later stage of the action, such as by failing to show up at the trial at the scheduled time" (Siegel & Connors, NY Prac § 293 [6th ed]; see CPLR 3215[a]; see also Kraus Bros. v Hoffman & Co., 99 AD2d 401, 402; see generally 7 Weinstein-Korn-Miller, NY Civ Prac: CPLR ¶ 3215.00).
Again, a defendant's failure to respond to a summons and complaint in one of the three ways enumerated in CPLR 320(a) "'amounts to what CPLR 3215 . . . calls a failure to appear'" (Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d at 1008, quoting Siegel & Connors, NY Prac § 293 [6th ed]; see U.S. Bank N.A. v Gilchrist, 172 AD3d at 1427). The consequences of a total failure to appear in an action are more significant than the consequences that stem from other species of default.
For example, with limited exception, CPLR 2103(e) requires that "[e]ach paper served on any party shall be served on every other party who has appeared" (emphasis added). Accordingly, that subdivision "requires service on a party who has appeared in the action whether or not [that party] has subsequently defaulted" (Kraus Bros. v Hoffman & Co., 99 AD2d at 402; see CPLR 2103[e]; Carr & Hobson [Ltd.] v Sterling, 114 NY 558, 563).
As relevant here, in the context of an action to foreclose a mortgage, a defendant that appears in the action is "entitled to service of all papers in the action, including the report of the Referee, the judgment of foreclosure and sale and the notice of sale" (Pol-Tek Indus. v Panzarella, 227 AD2d 992, 992; see Deutsche Bank Natl. Trust Co. v Khan, 189 AD3d 1538, 1539; Wells Fargo Bank, N.A. v Ramphal, 172 AD3d 1280, 1281; see also Martine v Lowenstein, 68 NY 456, 458).
By contrast, a defendant that fails to appear in the action within the meaning of CPLR 320(a), without more, is "not entitled to service of additional papers in the action" (NYCTL-1 Trust v Liberty Bay Realty Corp., 21 AD3d 1013, 1014; see CPLR 2103[e]), including, as relevant here, "notice of any subsequent judgment or sale" (Nationstar Mtge., LLC v Azcona, 186 AD3d 614, 616; see Alaska Seaboard Partners Ltd. Partnership v Grant, 20 AD3d 436, 437; Olympia Mtge. Corp. v Ramirez, 9 AD3d 401, 401; Bank of N.Y. v Agenor, 305 AD2d 438, 438; Colombi v RWL Constr. Corp., 278 AD2d 191, 191; Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2d 400, 403).
CPLR 3215(a) authorizes a party to make an application for a default judgment "[w]hen a defendant has failed to appear, plead or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed" (see Duncan v Emerald Expositions, LLC, 186 AD3d at 1323; see generally Siegel & Connors, NY Prac § 293 [6th ed]; 7 Weinstein-Korn-Miller, NY Civ Prac: CPLR ¶ 3215.02).
CPLR 3215(a) sets forth two separate procedures for securing a default judgment: (1) entry by the clerk, and (2) entry by a judge (see generally Siegel & Connors, NY Prac § 293 [6th ed]; 7 Weinstein-Korn-Miller, NY Civ Prac: CPLR ¶ 3215.00). "If the plaintiff's claim is for a sum certain or for a sum which can by computation be made certain, application may be made to the clerk within one year after the default" (CPLR 3215[a]). "The term 'sum certain' in this context contemplates a situation in which, once liability has been established, there can be no dispute as to the amount due, as in actions on money judgments and negotiable instruments" (Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568, 572). "Obviously, the clerk then functions in a purely ministerial capacity" (id. at 572).
"Where the case is not one in which the clerk can enter judgment, the plaintiff shall apply to the court for judgment" (CPLR 3215[a]). With limited exceptions, "[o]n any [such] application for judgment by default, the applicant shall file proof of service of the summons and the complaint . . . and proof of the facts constituting the claim, the default and the amount due by affidavit made by the party" (id. § 3215[f]; see L & Z Masonry Corp. v Mose, 167 AD3d 728, 729; Liberty County Mut. v Avenue I Med., P.C., 129 AD3d 783, 784-785; see also CPLR 3101[a][1] [defining the term "party" to include any "member, agent, or employee of a party"]).
Upon such an application, "[t]he court, with or without a jury, may make an assessment or take an account or proof, or may direct a reference" (CPLR 3215[b]). Accordingly, the statute grants the court some measure of discretion, permitting a court to conduct its inquiry into the damages claimed by the plaintiff in an application for a default judgment with an assessment (popularly called an "inquest"), with or without a jury, or with the appointment of a referee (see generally Siegel & Connors, NY Prac § 293 [6th ed]; cf. CPLR 4212).
The nature of the proceedings selected by the court may turn on whether the defaulted defendant participates in the determination of damages (see generally 7 Weinstein-Korn-Miller, NY Civ Prac: CPLR ¶ 3215.26). For "an allegation of damage is not a traversable allegation and, therefore, a defaulting defendant does not admit the plaintiff's conclusion of damages but may, at an inquest, offer proof in mitigation of damages if it involves 'circumstances intrinsic to the transactions at issue' in the plaintiff's complaint" (Amusement Bus. Underwriters v American Intl. Group, 66 NY2d 878, 880, quoting Rokina Opt. Co. v Camera King, 63 NY2d at 731; see McClelland v Climax Hosiery Mills, 252 NY 347, 351; see generally 7 Weinstein-Korn-Miller, NY Civ Prac: CPLR ¶¶ 3215.00, 3215.26).
CPLR 3215 requires a party making an application to the court for a default judgment [*3]to provide notice of the application to any defendant that has appeared in the action: "whenever application is made to the court or to the clerk, any defendant who has appeared is entitled to at least five days' notice of the time and place of the application" (CPLR 3215[g][1]). The statute goes on to state that "if more than one year has elapsed since the default any defendant who has not appeared is entitled to the same notice unless the court orders otherwise" (id.; see 7 Weinstein-Korn-Miller, NY Civ Prac: CPLR ¶ 3215.32).
Regardless of whether a defaulting defendant is entitled to the notice specified in CPLR 3215(g)(1), CPLR 3215(g)(2) provides a defendant who has failed to appear in an action with an independent basis to participate in any reference or assessment ordered on the application for the default judgment (see generally 7 Weinstein-Korn-Miller, NY Civ Prac: CPLR ¶ 3215.38). That subdivision states that "[w]here an application for judgment must be made to the court, the defendant who has failed to appear may serve on the plaintiff at any time before the motion for judgment is heard a written demand for notice of any reference or assessment by a jury which may be granted on the motion" (CPLR 3215[g][2]). "Such a demand does not constitute an appearance in the action" (id.). "Thereupon at least five days' notice of the time and place of the reference or assessment by a jury shall be given to the defendant by service on the person whose name is subscribed to the demand, in the manner prescribed for service of papers generally" (id.).
Finally, CPLR 3215(g)(3) sets forth circumstances under which "additional notice" is required, and CPLR 3215(g)(4) sets forth circumstances when "additional service" is required. By the plain language of the statute, however, the additional requirements prescribed in subdivisions (3) and (4) of CPLR 3215(g) are not applicable to this action to foreclose a mortgage (see id. § 3215[g][3][iii]; [4][iii]; NYCTL-1 Trust v Liberty Bay Realty Corp., 21 AD3d at 1014; Alaska Seaboard Partners Ltd. Partnership v Grant, 20 AD3d at 437 [applying CPLR 3215(g)(3)(iii)]; FGB Realty Advisors v Norm-Rick Realty Corp., 227 AD2d 439, 440; see also Nationstar Mtge., LLC v Azcona, 186 AD3d at 616 [applying Alaska Seaboard Partners Ltd. Partnership v Grant, 20 AD3d 436]).
In addition to the notice required to be given in connection with an application for a default judgment, CPLR 3215 also sets forth the procedure to be followed by a court in reviewing the issue of damages on such an application (see id. § 3215[b]; see also 22 NYCRR 202.46). As relevant here, "[w]hen a reference is directed, the court may direct that the report be returned to it for further action or, except where otherwise prescribed by law, that judgment be entered by the clerk in accordance with the report without any further application" (CPLR 3215[b]; see generally 22 NYCRR 202.43[c]).
These provisions of CPLR 3215 fit within the general provisions in the CPLR which distinguish an order of reference directing a referee to "hear and determine" (Seabring, LLC v Elegance Rest. Furniture Corp., 188 AD3d 744, 746; see generally Mark C. Dillon, 2019 Supp Practice Commentaries, McKinney's Cons Laws of NY, CPLR 4301), from an order of reference directing a referee to "hear and report" (Pulver v Pulver, ___ AD3d ___, ___, 2021 NY Slip Op 04727, *1 [2d Dept]; see generally Mark C. Dillon, 2019 Supp Practice Commentaries, McKinney's Cons Laws of NY, CPLR 4201). As relevant here, the CPLR provides that "[u]pon the motion of any party or on [its] own initiative, the [court] required to decide the issue may confirm or reject, in whole or in part . . . the report of a referee to report" (CPLR 4403; see 22 NYCRR 202.44[a], [b]).
Finally, CPLR 3215 specifies that "[e]xcept in a matrimonial action, no finding of fact in writing shall be necessary to the entry of a judgment on default" (see id. § 3215[b]). However, "[t]he judgment shall not exceed in amount or differ in type from that demanded in the complaint or stated in the notice served pursuant to [CPLR 305(b)]" (id. § 3215[b]).
In this case, Courchevel moved, inter alia, pursuant to CPLR 5015(a) to vacate the order and judgment of foreclosure and sale. Courchevel contended, among other things, that the plaintiff failed to comply with notice requirements of CPLR 3215(g)(1) when it moved to confirm the referee's report and for a judgment of foreclosure and sale. On appeal, Courchevel contends, inter alia, that the Supreme Court erred when it concluded that Fremont was only entitled to receive [*4]notice of the plaintiff's application for leave to enter a default judgment and for the appointment of a referee, and that Fremont was not entitled to notice of the plaintiff's subsequent application to confirm the referee's report and for a judgment of foreclosure and sale. Courchevel contends that the failure to comply with the notice provisions of CPLR 3215(g)(1) deprived the court of jurisdiction to enter the order and judgment of foreclosure and sale, and warrant vacatur pursuant to CPLR 5015(a).
CPLR 5015(a) authorizes a court to relieve a party from an order or judgment, on motion, based on the existence of specified grounds including, among other things, excusable default (see id. § 5015[a][1]); newly discovered evidence (see id. § 5015[a][2]); fraud, misrepresentation, or other misconduct of an adverse party (see id. § 5015[a][3]); lack of jurisdiction (see id. § 5015[a][4]); or reversal, modification, or vacatur of a prior judgment or order upon which it is based (see id. § 5015[a][5]; see U.S. Bank N.A. v Mitchell, 191 AD3d 731).
"When a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015(a)(4) and also seeks a discretionary vacatur pursuant to CPLR 5015(a)(1), a court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1)" (Wells Fargo Bank, NA v Besemer, 131 AD3d 1047, 1047; see Deutsche Bank Natl. Trust Co. v Hossain, 187 AD3d 986, 987; Ross v Sunrise Home Improvement, 186 AD3d 633, 633).
As a general matter, "improper service of a motion provides a complete excuse for default on [that] motion" (Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 124-125 [Opinion by Cohen, J.]; see Golden v Romanowski, 128 AD3d 1009, 1010; Crown Waterproofing, Inc. v Tadco Constr. Corp., 99 AD3d 964, 965; Zaidi v New York Bldg. Contrs., Ltd., 61 AD3d 747, 748). Accordingly, the failure to serve a party who has appeared in the action with notice of a motion requires vacatur of any subsequent order that grants any of the relief that was sought in that un-noticed motion (see CPLR 5015[a][1]; Wells Fargo Bank, N.A. v Whitelock, 154 AD3d 906, 907; Crown Waterproofing, Inc. v Tadco Constr. Corp., 99 AD3d at 964-965; Zaidi v New York Bldg. Contrs., Ltd., 61 AD3d at 748).
"This Court has also held that the failure to provide a defendant with proper notice of a motion renders the resulting order and judgment entered upon that order nullities, warranting vacatur pursuant to CPLR 5015(a)(4)" (Paulus v Christopher Vacirca, Inc., 128 AD3d at 125). This Court explained that "[t]he failure to provide proper notice of a motion can readily be viewed as a fundamental [jurisdictional] defect because it deprives the opposing party of a fair opportunity to oppose the motion" (id.; cf. Manhattan Telecom. Corp. v H & A Locksmith, Inc., 21 NY3d 200, 203-204; Lacks v Lacks, 41 NY2d 71, 75).
As previously observed, CPLR 3215(g)(1) requires a party making a default application to give notice to certain defaulted defendants. Pursuant to that subdivision, "where [a] defendant appears but fails to answer timely, [that defendant] is entitled to five days' notice of the default application" (Kraus Bros. v Hoffman & Co., 99 AD2d at 402; see CPLR 3215[g][1]). Furthermore, where "more than one year elapsed since the defendant's default" (Wilmington Sav. Fund Socy., FSB v Hakam, 170 AD3d 924, 925), the defendant is "entitled to notice of the motion for an order of reference under CPLR 3215(g)(1)" (id. at 925; see CPLR 3215[g][1]; Citimortgage, Inc. v Reese, 162 AD3d 847, 848; Astron Steel Fabrications v Kent Restoration, 283 AD2d 381, 381-382).
This Court has stated that "[t]he plaintiff's failure to give the defendant notice of [a] motion as required under CPLR 3215(g)(1) deprive[s] the Supreme Court of jurisdiction to entertain the motion, and renders [any] order of reference and the ensuing judgment of foreclosure and sale void" (Wilmington Sav. Fund Socy., FSB v Hakam, 170 AD3d at 925; see Amaral v Smithtown News, Inc., 172 AD3d 1287, 1289; Citimortgage, Inc. v Reese, 162 AD3d at 848; Deutsche Bank Natl. Trust Co. v Gavrielova, 130 AD3d 674, 675-676; Paulus v Christopher Vacirca, Inc., 128 AD3d at 126 [Opinion by Cohen, J.]). This Court has explained that the failure to provide notice of a motion for leave to enter a default judgment as required by CPLR 3215(g)(1) deprives a defaulted defendant [*5]of the "opportunity to challenge the amount of damages sought by the plaintiffs" (Paulus v Christopher Vacirca, Inc., 128 AD3d at 126; cf. Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 166; Kraus Bros. v Hoffman & Co., 99 AD2d at 402).
In this case, it is undisputed that Fremont failed to appear in the action (see CPLR 320[a]), which was commenced against it in 2007. In 2016, the plaintiff made a motion, among other relief, for leave to enter a default judgment and for an order of reference (hereinafter the 2016 motion). The 2016 motion constituted an "appl[ication] to the court for judgment" within the meaning of the statute (id. § 3215[a]), and it is undisputed that the application was made "more than one year . . . since [Fremont's] default" in failing to appear in the action (id. § 3215[g][1]). Accordingly, without more, the plaintiff was required to provide Fremont with notice "of the time and place of the application" for a default judgment and for an order of reference (id. § 3215[g][1]; see Amaral v Smithtown News, Inc., 172 AD3d at 1289; Wilmington Sav. Fund Socy., FSB v Hakam, 170 AD3d at 925; Citimortgage, Inc. v Reese, 162 AD3d at 848; cf. Kraus Bros. v Hoffman & Co., 99 AD2d at 402).
However, as the Supreme Court correctly observed, Courchevel does not contend that the plaintiff failed to provide Fremont with notice of the 2016 motion (accord Amaral v Smithtown News, Inc., 172 AD3d at 1289). As such, it cannot be said that Courchevel was "deprived . . . [of] an opportunity to challenge the amount of damages sought by the plaintiff[ ]" (Paulus v Christopher Vacirca, Inc., 128 AD3d at 125; see Amaral v Smithtown News, Inc., 172 AD3d at 1289; cf. Wilmington Sav. Fund Socy., FSB v Hakam, 170 AD3d at 925; Citimortgage, Inc. v Reese, 162 AD3d at 848; Astron Steel Fabrications v Kent Restoration, 283 AD2d at 382).
The plaintiff's 2016 motion was granted, unopposed, in an order entered July 19, 2016. In an order entered April 27, 2017, the Supreme Court, inter alia, appointed a referee to ascertain and compute the amount due to the plaintiff. The referee issued a report dated June 6, 2017. By notice of motion dated June 14, 2017, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale (hereinafter the 2017 motion).
Although Courchevel's underlying motion papers and appellate brief both include typographical errors and otherwise lack clarity (e.g. incorrectly referring to a "2018" motion but citing the 2017 notice of motion), Courchevel appears to contend that the plaintiff's failure to provide Fremont with notice of the 2017 motion deprived the Supreme Court of jurisdiction to enter the order and judgment of foreclosure and sale. This contention is without merit.
CPLR 3215(g)(1) applies "whenever application is made to the court or to the clerk." By its plain language, it merely requires the plaintiff to provide "notice of the time and place of the application" for a default judgment (id.), which application must be held in a location authorized by CPLR 3215(e), and supported by, among other things, "proof of . . . the amount due" (id. § 3215[f]). As already indicated, the purpose of the notice is to provide a defaulted defendant with the "opportunity to challenge the amount of damages sought by the plaintiffs" (Paulus v Christopher Vacirca, Inc., 128 AD3d at 125). Contrary to Courchevel's contention, CPLR 3215(g)(1) does not, once triggered, require a plaintiff to provide five days' notice of every subsequent motion or application in the action (see Q.P.I. Rests. v Slevin, 93 AD2d 767, 768).
The 2017 motion was not an "application" for a default judgment within the meaning of CPLR 3215(b). Rather, the 2017 motion sought confirmation of the referee's report and entry of a judgment of foreclosure and sale, relief predicated on CPLR 4403 (see 22 NYCRR 202.44). Since the 2017 motion was not an "application" within the meaning of CPLR 3215(b), the notice specified in CPLR 3215(g)(1) was inapplicable to the 2017 motion, and notice of that motion was instead governed by the general notice provisions applicable to all motions (see CPLR 2103[e]). As already observed, that section merely requires that notice be served on "every other party who has appeared" (id. [emphasis added]). Since, at the time of the 2017 motion, Fremont still had not made any appearance in the action, it was not, without more, entitled to notice of that motion (see id.; Nationstar Mtge., LLC v Azcona, 186 AD3d at 616; NYCTL-1 Trust v Liberty Bay Realty Corp., 21 AD3d at 1014; Alaska Seaboard Partners Ltd. Partnership v Grant, 20 AD3d at 437; Olympia Mtge. [*6]Corp. v Ramirez, 9 AD3d at 401; Bank of N.Y. v Agenor, 305 AD2d at 438; Colombi v RWL Constr. Corp., 278 AD2d at 191; Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2d at 403; see generally Martine v Lowenstein, 68 NY 456, 458).
We recognize that dicta from this Court may be read to indicate that CPLR 3215(g)(1) notice is applicable to a motion to confirm a referee's report and for a judgment of foreclosure and sale (see Citimortgage, Inc. v Reese, 162 AD3d at 847-848). We now clarify that CPLR 3215(g)(1) merely applies to an application for a default judgment which must be made to determine the amount of damages due pursuant to CPLR 3215(a) or (b). Once notice of such an application is provided, CPLR 3215(g)(1) is satisfied, and, without more, the general notice provisions of CPLR 2103(e) revert back into operation to govern any future requests for relief.
In sum, Courchevel failed to demonstrate that it was entitled to notice of the plaintiff's 2017 motion. Since Courchevel failed to establish sufficient grounds for vacating the order and judgment of foreclosure and sale, the Supreme Court properly denied its motion, inter alia, pursuant to CPLR 5015(a) to vacate the order and judgment of foreclosure and sale.
Courchevel's remaining contentions either are without merit or need not be reached in light of our determination. Accordingly, we affirm the order entered May 23, 2019.
CHAMBERS, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court