Digital Direct & More, Inc. v Dialectic Distrib., LLC (2024 NY Slip Op 04196)

Digital Direct & More, Inc. v Dialectic Distrib., LLC

2024 NY Slip Op 04196

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2022-09202
 (Index No. 531571/21)

[*1]Digital Direct and More, Inc., appellant, 
v
Dialectic Distribution, LLC, et al., defendants.

Lust & Leonov, P.C., New York, NY (Roman Leonov of counsel), for appellant.
Rubenstein Business Law, New York, NY (David Rubenstein of counsel), for defendants Dialectic Distribution, LLC, and Zachary Zeltzer.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated October 20, 2022. The order, insofar as appealed from, denied that branch of the plaintiff's unopposed cross-motion which was for leave to enter a default judgment on the issue of liability against the defendants Dialectic Distribution, LLC, and Zachary Zeltzer, and, sua sponte, granted those defendants an extension of 20 days from the date of the order to answer the complaint.
ORDERED that on the Court's own motion, the appeal from so much of the order as, sua sponte, granted the defendants Dialectic Distribution, LLC, and Zachary Zeltzer an extension of 20 days from the date of the order to answer the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, with costs payable by the defendants Dialectic Distribution, LLC, and Zachary Zeltzer, and that branch of the plaintiff's unopposed cross-motion which was for leave to enter a default judgment on the issue of liability against the defendants Dialectic Distribution, LLC, and Zachary Zeltzer is granted.
On December 9, 2021, the plaintiff commenced this action against the defendants Dialectic Distribution, LLC, and Zachary Zeltzer (hereinafter together the defendants), among others, alleging causes of action sounding in, inter alia, breach of contract. Thereafter, the plaintiff and the defendants agreed to an extension of time until March 16, 2022, for the defendants to answer or respond to the complaint. On March 17, 2022, the defendants filed a motion based on principles of equity and, in effect, pursuant to CPLR 3211(a)(4) to dismiss the complaint or stay the action. The plaintiff then cross-moved, among other things, pursuant to CPLR 3215(a) for leave to enter a default judgment on the issue of liability against the defendants. The defendants did not submit papers in opposition to the plaintiff's cross-motion. By order dated October 20, 2022, the Supreme Court, inter alia, denied that branch of the plaintiff's unopposed cross-motion which was for leave to enter a default judgment on the issue of liability against the defendants, and, sua sponte, granted the defendants an extension of 20 days from the date of the order to answer the complaint. The plaintiff appeals.
"After having been served with process, the defendant who wants to avoid a default must respond in a proper and timely manner" (21st Mtge. Corp. v Raghu, 197 AD3d 1212, 1214 [internal quotation marks omitted]). "The CPLR sets forth three ways that a defendant may appear in the action: '[t]he defendant appears [1] by serving an answer or [2] [by serving] a notice of appearance, or [3] by making a motion which has the effect of extending the time to answer'" (id. at 1214-1215, quoting CPLR 320[a]; see CPLR 3012[a]). "A notice of motion pursuant to CPLR 3211(a) . . . to dismiss a complaint . . . extends a defendant's time to answer the complaint" (21st Mtge. Corp. v Raghu, 197 AD3d at 1215, citing CPLR 3211[f] [citation omitted]). However, "[s]uch a motion must be made 'before service of the responsive pleading is required,' or it is untimely" (21st Mtge. Corp. v Raghu, 197 AD3d at 1215, quoting CPLR 3211[e] [citation omitted]).
"On a motion for leave to enter a default judgment pursuant to CPLR 3215, a plaintiff is required to submit proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the defendant's default in answering or appearing" (Roy v 81E98th KH Gym, LLC, 142 AD3d 985, 985). "To defeat a facially sufficient CPLR 3215 motion, a defendant must show either that there was no default, or that it had a reasonable excuse for its delay and a potentially meritorious defense" (National Loan Invs., L.P. v Bruno, 191 AD3d 999, 1001; see Browne v Lyft, Inc., 219 AD3d 443, 444). Similarly, "[a] defendant who has failed to timely answer a complaint and who seeks leave to file a late answer must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (Wilmington Trust, N.A. v Pape, 192 AD3d 947, 949 [internal quotation marks omitted]; see Baldwin Rte. 6, LLC v Bernad Creations, Ltd., 158 AD3d 659, 660).
Here, in support of that branch of the plaintiff's cross-motion which was for leave to enter a default judgment on the issue of liability against the defendants, the plaintiff submitted proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defendants' default in answering or appearing (see Bachvarov v Khaimov, 224 AD3d 724; PE-NC, LLC v Gonzalez, 172 AD3d 1394). The defendants' motion, which was, in effect, pursuant to CPLR 3211(a)(4), was untimely, since it was made after the time to file an answer had lapsed (see Lema v New York Cent. Mut. Fire Ins. Co., 112 AD3d 891, 892; Bennett v Hucke, 64 AD3d 529, 530). By not opposing the facially adequate branch of the plaintiff's cross-motion which for leave to enter a default judgment, in form or in effect, the defendants did not meet their burden of establishing a reasonable excuse for their default and demonstrating the existence of a potentially meritorious defense to the action. Accordingly, that branch of the plaintiff's cross-motion which was for leave to enter a default judgment on the issue of liability against the defendants should have been granted (see Bachvarov v Khaimov, 224 AD3d 724), and the Supreme Court erred by, sua sponte, granting the defendants an extension of time to answer the complaint (see Velez v Mr. Demolition, Inc., 172 AD3d 1140; Lema v New York Cent. Mut. Fire Ins. Co., 112 AD3d at 892; cf. Browne v Lyft, Inc., 219 AD3d at 445).
LASALLE, P.J., CHAMBERS, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court